**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas Charles BAUGHMAN,**
**Defendant.**

**No. 3–67 CR. 63.**

United States District Court
D. Minnesota,
Third Division.

July 3, 1968.

## ORDER DENYING REDUCTION
## OF SENTENCE

NEVILLE, District Judge.

The above post-sentence matter is before the court by virtue of a letter dated June 20, 1968 from the defendant who is now confined in the Federal Correctional Institution at Danbury, Connecticut. The court will treat the letter as though it were a timely-made motion for a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure.

Defendant at 20 years of age was indicted for illegally selling narcotics in violation of 26 U.S.C. § 4704(a). On December 7, 1967 he entered a plea of guilty to Count II of the indictment and the court referred the matter to the Probation Office for investigation and a pre-sentence report. January 22, 1968 and prior to sentencing, defendant through his attorney moved the court that in lieu of the imposition of any other sentence he be committed under Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251 et seq. The court determined that the defendant was an "eligible offender" under 18 U.S.C. § 4251(f) in that (1) the present offense with which he was charged was not a crime of violence; (2) defendant's sale was made to support his addiction; (3) there was then no other charge of a felony pending against him; (4) defendant did not have two or more prior felony convictions; and (5) he had not been committed for treatment under Title I of the Act. Accordingly in response to the motion the court committed defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4252 for examination and report as to whether the defendant was an addict and as to whether he was likely to be rehabilitated through treatment. The

Chief of the National Institute of Mental Health of the Clinical Research Center, Lexington, Kentucky, in a three-page report dated March 27, 1968, reported that the defendant "is an addict within the meaning of the law and is likely to be rehabilitated through treatment under the provisions of the Narcotic Addict Rehabilitation Act of 1966." The court was of the view that should the defendant not qualify for commitment under the Act, a sentence of 3½ years imprisonment with no fine would be imposed. Such was the recommendation in the pre-sentence report from the Probation Officer. Though defendant had a variety of some 17 juvenile offenses commencing at age 11 (a few of which were only traffic offenses), he had no prior felony convictions.

Upon receipt of the Clinical Research report the court determined to grant defendant's request and to commit him under the Narcotic Addict Rehabilitation Act. An examination of § 4253(a) of the Act reveals that when a commitment is made under Title II:

"Such commitment shall be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed."

The maximum sentence under 26 U.S.C. § 7237 which could have been imposed on the defendant at bar was ten years. The court felt that the above quoted language compelled the imposition of a commitment "for an indeterminate period of time not exceeding ten years" and so included such language in an order of commitment dated May 8, 1968. Since that time the court has read forms of judgment suggested and printed in 44 F.R.D. 220, 221, prepared by Honorable James M. Carter, Judge of the United States Court of Appeals for the Ninth Circuit and Honorable Fred Kunzel, Chief Judge of the United States District Court, Southern District of California. In commenting on the Form for Judgment After Examination Under Title II of the Act the authors state:

"The Bureau of Prisons is of the view, (and probably a correct one), that the sentence must be either ten (10) years or the maximum term provided for the offense charged if the term is less than ten (10) years."

This would appear to substantiate the court's view as to the correctness of the sentence imposed on this defendant.

The Narcotic Addict Rehabilitation Act of 1966 is relatively new and this is the first case where this court has had the opportunity to order a commitment thereunder. The court required the defendant to appear in person in open court so as not to run the risk of non-compliance with United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L. Ed.2d 224 (1963). The court stated to the defendant in open court at the time of sentencing that he intended to recommend a maximum of 3½ years if such did not contravene the congressional mandate contained in the Act. In the court's order of May 8, 1968, it is recommended as follows:

"If and to the extent that such does not contravene the provisions of 18 U.S.C. § 4253, the maximum period of time of the indeterminate sentence be not to exceed three and one-half years."

 The defendant in his letter encloses a copy of "Sentence Notice To Inmates" dated June 19, 1968, which reads in part as follows:

"To Thomas Charles Baughman

\* \* \* \* \* \* \* \* \* \*

Sentenced 5/8/68 To a term of 10 years

\* \* \* \* \* \* \* \* \* \*

Eligible for parole 11/7/68"

Defendant interprets this as a ten-year sentence. The court interprets the word "indeterminate" as used in the Act and in the court's sentencing order to mean that the Attorney General's office and/or the appropriate parole authority may in their judgment and discretion grant a release of the defendant long prior to the running of ten years. Apparently at any time after November 7, 1968 (if defendant's letter to the court be correct) defendant is eligible for parole. What action, if any, will be taken obviously depends on defendant's progress, his medical prognosis and his good conduct while confined. The court would trust that defendant would not be released, however, until there is reasonable certainty that he has been rehabilitated or has had the quantum of treatment as normally could be expected to rehabilitate one in his condition and with his degree of addiction.

It would be incongruous were defendant left in the position where had he not asked for treatment of a rehabilitative nature under the Narcotic Addict Rehabilitation Act his sentence would have been 3½ years, but because he asked for such treatment, his confinement is now ten years. Certainly this could not have been the intent of the law and the court has every confidence that the Attorney General and the parole authorities will be alert to the problem of this defendant and will justly administer the "indeterminate" sentence. In view of the wording of the Narcotic Addict Rehabilitation Act, however, the court does not believe that it can or should change its sentence of commitment as imposed May 8, 1968 "for an indeterminate period of time not exceeding ten years."

It is therefore ordered that defendant's motion for reduction of sentence is denied.