**UNITED STATES of America**
v.
**Kenneth WATKINS.**
**Crim. No. 1151–69.**

United States District Court,
District of Columbia.

Aug. 27, 1971.

———————◆———————

ORDER

GASCH, District Judge.

This matter came before the Court on consideration of a letter (undated) from a defendant who is now confined in the Federal Correctional Institution at Dan-bury, Connecticut, under Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251 et seq. The Court views defendant's letter as a timely motion to reduce sentence in accordance with Fed.R.Crim.P. 35.

On September 18, 1969, defendant entered a plea of guilty to Count 2 of an indictment charging him with violating the narcotics laws; on May 22, 1970, this Court suspended imposition of sentence and placed the defendant on probation for a period of five years. Subsequently, on October 30, 1970, after defendant had violated the terms of his probation he was committed by the Court to the custody of the Attorney General for a period of observation and study pursuant to 18 U.S.C. § 4252. The Warden of the Federal Correctional Institution advised this Court by letter of December 21, 1970, that his staff had found the defendant to be a narcotic addict who was likely to be rehabilitated through treatment. Accordingly, by Order of this Court on January 4, 1971, defendant was committed to the custody of the Attorney General for treatment under Title II of the Narcotic Addict Rehabilitation Act for a period not to exceed ten years.

Defendant's motion raises the issue of whether the Court, in imposing sentence, has discretion to commit a defendant under the Act for a period of less than ten years. The relevant provision of the Act appears at 18 U.S.C. § 4253(a): "Such commitment shall be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed." The maximum sentence for the offense to which the defendant entered a plea of guilty, possession of narcotic drugs in violation of 26 U.S.C. § 4704(a), is ten years for the first offense.

As the maximum sentence for the statutory offense is ten years, it is the view of the Court that § 4253(a) requires an indeterminate sentence of not more than ten years and that the Act

does not give the Court discretion to impose a lesser commitment.

The interpretation which the Court places upon § 4253(a) follows that of Judge James M. Carter of the Ninth Circuit and Chief Judge Fred Kunzel of the Southern District of California in their Forms of Adjudication for Use in Sentencing, 44 F.R.D. 197, 220–221. Footnote 1 to the form for Judgment after Examination under Title II states that:

> The Bureau of Prisons is of the view, (and probably a correct one), that the sentence must be either ten (10) years or the maximum term provided for the offense charged if the term is less than ten (10) years.

This view is cited with approval and relied upon in United States v. Baughman, 286 F.Supp. 269 (D.Minn.1968), involving circumstances substantially similar to the instant case.

An examination of the pertinent legislative history supports the conclusion reached by the Court. The House Report accompanying H.R. 9167 [1] clearly reveals an awareness of the need for a lengthy and flexible rehabilitative program under the supervision of appropriate officials.

> The maximum 10-year sentence provided in section 4253 of the new chapter which would be added to title 18 allows correctional and medical authorities a desirable flexibility in treating individual addicts. It also should be recognized that it provides a lengthy period of sentence for those recalcitrant offenders who do not respond to treatment.[2]

The Committee further notes that:

> The provisions contained in title II provide for sentencing to commitment for treatment, a procedure which may be described as a problem-centered device which will actually provide supervision and control for a much longer period of time than a short-term commitment.[3]

Having evidenced concern for the lengthy time period necessary to effect meaningful treatment, it appears likely that had Congress intended to provide for flexible commitment within the discretion of the Court, it would also have provided for a stringent minimum. The Court notes that in fact the statute provides for no minimum period, other than the limitation of the maximum term for the offense. Accordingly, the Court concludes that discretion as to release rests with the correctional authorities and that the ten-year commitment imposed is required by law in order to provide post-release supervision with a view toward preventing defendant's return to drug use; wherefore, it is by the Court this 27th day of August, 1971,

Ordered that defendant's motion for reduction of sentence be and the same is hereby denied.

---

1. H.R.Rep.No.1486 (1966), printed at 1966 U.S.Code Cong. and Admin.News, p. 4245.

2. 1966 U.S.Code Cong. and Admin.News at p. 4252.

