**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James SMOTHERS, Jr., Defendant-Appellant.**

**No. 71–1940.**

United States Court of Appeals, Ninth Circuit.

Nov. 26, 1971.

----&----

Peter M. Turner (argued), of Turner & Franzoia, Oakland, Cal., for defendant-appellant.

James H. Daffer, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and KILKENNY, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

The appellant was convicted upon four counts of the sale and one count of concealment of heroin. Prior to sentence, he petitioned the court for commitment under the provisions of the Narcotic Addicts Rehabilitation Act, 18 U.S.C. §§ 4251–4253.

Acting pursuant to the provisions of § 4252, the trial court placed the appellant in the custody of the Attorney General for examination to determine whether he was an addict and was likely to be rehabilitated. The Attorney General subsequently reported affirmatively. Following the receipt of this report, the court, pursuant to § 4253, conducted a further hearing at which time a discussion took place in which the court indicated that it might commit the appellant as a narcotic offender but continued the matter for a week. At a subsequent hearing the court denied appellant a narcotic commitment on the ground that the appellant was not eligible under the provisions of the Act since the sales of narcotics of which he was convicted were not made for the primary purpose of acquiring drugs for his own use. Instead, the court sentenced the appellant to eight years on each count and ordered them to run concurrently.

The appellant contends that when the court placed him with the Attorney General for examination to determine whether he was an addict and was likely to be rehabilitated, the court was, in effect, making a finding that he was an "eligible" offender and that upon receipt of the report from the Attorney General commitment was mandatory. We disagree.

18 U.S.C. § 4252 provides in part:

"If the court believes that an eligible offender is an addict, it may place him in the custody of the Attorney General for an examination to determine whether he is an addict and is likely to be rehabilitated through treatment. * * *"

---

* Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

Section 4253 of Title 18 provides:

"Following the examination provided for in section 4252, if the court determines that an *eligible* offender is an addict and is likely to be rehabilitated through treatment, it shall commit him to the custody of the Attorney General. * * *" (emphasis added)

Section 4252 provides merely for the placement of the defendant with the Attorney General for examination, a necessary preliminary before commitment. Section 4253 authorizes the actual commitment. It is at this time that the court actually makes the determination as to whether the defendant is an eligible offender, an addict, and one likely to be rehabilitated. We see no reason why the court should not be free to make its determination based upon the evidence as it appears to it at the time of the commitment, regardless of any conclusions it might have reached in the earlier preliminary stages of the proceedings.

The judgment is affirmed.