**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfred Delgado ARELLANES,**
**Defendant-Appellant.**

No. 73–2671.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1974.

Stephen M. Chase, Huntington Beach, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before TRASK and GOODWIN, Circuit Judges, and ENRIGHT, * District Judge.

PER CURIAM:

Alfred D. Arellanes appeals from the refusal of the trial court to direct a commitment under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. §§ 4251–4255, instead of committing him to the custody of the Attorney General.

The appellant had entered a plea of guilty to count one of a three-count indictment, which charged him with conspiring with a codefendant named Arias to distribute heroin. Overt acts included delivery of 1,037 grams of heroin and conspiring to effect future delivery of 1 kilogram of heroin. The validity of the guilty plea and conviction are not at issue.

After the plea, appellant was sent to Terminal Island by the court for a 30-day study to determine his eligibility for commitment and treatment pursuant to Title II of NARA. The conclusion of the staff after study was that appellant was an addict who would benefit from treatment under NARA.

Between the date of the study and the final sentencing of the appellant he had testified on behalf of his codefendant and in the judgment of the trial court had committed perjury in doing so. For this announced reason and perhaps for other unannounced reasons the court refused to sentence him under NARA. Appellant contends that the favorable report of NARA makes it mandatory upon the court to sentence him under it. We disagree.

Section 4253 provides in pertinent part:

"(a) Following the examination [authorized by NARA], if the court determines that an eligible offender is an addict and is likely to be rehabilitated through treatment, it shall commit him . . . for treatment . . . ."

"(b) If, following the examination . . . the court determines that an eligible offender is not an addict, or is an addict not likely to be rehabilitated through treatment, it shall impose such other sentence as may be authorized or required by law."

In our judgment the matter is clearly left to the discretion of the trial court. We find no abuse in the court's manner of exercise of that discretion. United States v. Smothers, 451 F.2d 995, 996–997 (9th Cir. 1971).

We do not find it necessary to reach the arguments posed by the Government that under sections 4251(f)(2) and 4251(f)(4) the appellant was not an "eligible offender."

Judgment affirmed.

* Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.