**Josephine Sarah TAYLOR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 75–11.

United States District Court, D. Delaware.

Feb. 6, 1975.

Wilfred J. Ritz, Director Alderson Legal Assistance Program, Lexington, Va., for plaintiff.

Ralph F. Keil, U. S. Atty., and Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

LATCHUM, Chief Judge.

Plaintiff, appearing *in forma pauperis*, is a prisoner at the Federal Reformatory for Women at Alderson, West Virginia and has petitioned this Court pursuant to 28 U.S.C. § 2255 for an order vacating her sentence and ordering her return to this court for resentencing.

The facts relating to this motion may be summarized as follows: On July 27, 1973 the plaintiff was indicted by the Grand Jury of this District in a two-count indictment charging her with the distribution of heroin on or about May 30, 1973 (Count I) and on or about June 7, 1973 (Count II) in violation of 21 U.S.C. § 841(a)(1).[1] Upon her apprehension, the case was set for trial to begin on September 24, 1973. However, on that date the plaintiff entered a guilty plea to Count I of the indictment.[2] The pre-sentence report indicated that plaintiff had been a drug user and had engaged in the sale of drugs and prostitution to support her drug habit. This in-formation required the sentencing Court to consider sentencing under Title II of The Narcotic Addict Rehabilitation Act of 1966, (the "Act"), 18 U.S.C. § 4251 et seq., United States v. Williams, 407 F.2d 940, 944–945 (C.A.4, 1969). Furthermore, since the plaintiff was on probation as a result of a sentence of the Superior Court of the State of Delaware for possessing a hypodermic needle, it was necessary to obtain the consent of the State in order to render the plaintiff eligible for commitment under the Act, 18 U.S.C. § 4251(f)(3). The State consented.

On November 16, 1973, after the right of allocution was afforded to plaintiff and her counsel as required by Rule 32(a)(1), F.R.Crim.P., the Court exercising sentencing discretion made findings and imposed the following sentence:

"Based upon a finding that the defendant is an eligible offender, and upon the Court's belief that the defendant is a narcotic addict, IT IS ADJUDGED that pursuant to 18 U.S.C. § 4252, the defendant is committed to the custody of the Attorney General for an examination to determine whether the defendant is a narcotic addict and is likely to be rehabilitated through treatment, the results of such examination are to be furnished to the Court within thirty (30) days, unless the Court grants additional time." (Docket Item 16).

Upon receiving the report of examination,[3] dated January 7, 1974, from the Attorney General stating, *inter alia*: ". . . the NARA Staff finds that Ms. Taylor is a narcotic addict as defined by law and is likely to be rehabilitated under the provisions of the Narcotic Addict Rehabilitation Act of

---

1. Docket Item 1, Criminal Action No. 2404.

2. At sentencing the government dismissed Count II of the indictment. (Docket Items 20 & 17, Criminal Action No. 2404).

3. Attachment to Docket Item 21, Criminal Action No. 2404; the plaintiff readily admitted her long drug addiction.

1966," the Court on January 11, 1974 entered a final judgment, without again bringing the plaintiff before the Court, as follows:

"Based upon the Report of the representative of the Attorney General, dated January 7, 1974 (a copy of which is attached hereto), stating that the defendant is a narcotic addict and is likely to be rehabilitated through treatment, the Court finds that the said defendant is a narcotic addict and is likely to be rehabilitated through treatment.

"IT IS THEREFORE ADJUDGED that, pursuant to 18 U.S.C. § 4253, the defendant is committed to the custody of the Attorney General for an indeterminate term not to exceed 10 years."

■■ In the present action plaintiff contends that she was entitled to be personally present in court when the final judgment of commitment was entered so that she could exercise her right to speak to the Court as provided in Rule 32(a)(1), F.R.Crim.P. The Court disagrees.

At the time of the initial sentencing on November 16, 1973, the plaintiff and her counsel were present and each was afforded the right of allocution as required by Rule 32(a)(1). At that time, on the showing then made,[4] the Court found that plaintiff was an eligible offender and believed her to be a narcotic addict. It was thereby adjudged under § 4252 that she be committed to the Attorney General for examination to determine whether she was an addict and was likely to be rehabilitated through treatment. When the report of the examination was received and it confirmed that

(1) she was a narcotic addict, (2) was likely to be rehabilitated by treatment and (3) that appropriate treatment facilities were available, § 4253 provided that the Court "shall commit" her for treatment. Since the commitment for treatment must be for an indeterminate term not to exceed ten years or the maximum term of imprisonment provided for the offense committed if less than ten years,[5] Baughman v. United States, 450 F.2d 1217 (C.A.8, 1971), cert. den. 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123; United States v. Watkins, 330 F. Supp. 792 (D.D.C.1971), aff'd 154 U.S.App.D.C. 308, 475 F.2d 419 (1973), there was no logical reason for returning the plaintiff to court. There was nothing that she could say, beyond that already said at the initial sentencing, which would affect the judgment of commitment for treatment which the Court was mandatorily required to make and enter under § 4253(a). There was simply no discretion to be exercised in entering the commitment for treatment once the medical and clinical examination confirmed the Court's initial findings that she was an addict and could be rehabilitated.

This case is not controlled by United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). In that case the Supreme Court held that where a defendant is committed for study under 18 U.S.C. § 4208, it was necessary for the defendant to be present when the final commitment was entered. The Court stated, at p. 165, 84 S.Ct. at p. 296:

"The whole point of using § 4208(b) is, in its own language, to get 'more detailed information as a basis for de-

4. The defendant at the initial sentencing agreed with her attorney's statement that she was addicted to narcotics and that she sold drugs to support her own habit. (Docket Item 3).

5. The maximum term of imprisonment for the offense to which plaintiff pleaded guilty was 15 years.

termining the sentence *to be imposed.*
. . .' It is only after the Director
of the Bureau of Prisons makes his
report that the court makes its final
decision as to what the sentence will
be."

In short after a commitment for study
under § 4208, there is a wide range of
discretionary sentences which could be
selected by the sentencing judge and the
sole purpose of the study was to assist
him in determining the range and type
of penalties to be imposed.

The statutory scheme for sentencing
under Title II of the Narcotic Addict
Rehabilitation Act however is totally un-
like the *Behrens* situation. Under
NARA, when the Court believes a de-
fendant is an addict and may benefit
from treatment, by making that finding
and committing for examination under §
4252, the Court is then committed to im-
posing the mandatory sentence provided
in § 4253 if the clinical and medical ex-
amination confirms that the defendant
is an addict and susceptible to treat-
ment.

Certainly no purpose would be served
in incurring the unnecessary expense
and cost of returning the plaintiff to
Wilmington from Alderson, West Vir-
ginia for the sole purpose of reimposing
a mandatory sentence already entered,
particularly in view of the tight budget-
ary requirements with which all federal
agencies are now faced.

Plaintiff's motion that her sentence be
vacated and that she be returned to Wil-
mington so that she may be present
when the mandatory confirming judg-
ment of commitment is entered will be
denied.

### ORDER

For the foregoing reasons, plaintiff's
application that her sentence be vacated
and that she be returned to this court
for resentencing is hereby denied.