UNITED STATES of America

v.

Shirley A. CURTIS, Appellant.

No. 74–2126.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 22, 1975.

Decided Nov. 28, 1975.

J. Richard Tiano, Washington, D. C., with whom Robert S. Waters, Washington, D. C. (both appointed by this Court) was on the brief for appellant.

John W. Polk, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty. and John A. Terry, Asst. U. S. Atty., were on the brief for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM:

Appellant moved pursuant to 28 U.S.C. § 2255 to vacate her ten year sentence under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. § 4251 *et seq.* The basis of the petition was that she had not been present in court nor given an opportunity to allocute when final sentence was imposed as required by Fed.R.Crim.P. 43 and 32, although she had been present at the initial hearing when the court ordered the examination under NARA. The trial court denied the petition without hearing on the grounds the record showed Ms. Curtis

had waived her right to reappear in court for final sentencing under NARA.

■ The threshold issue on this appeal relates to the language of 18 U.S.C. § 4253 which requires NARA sentences "for an indeterminate period of time not to exceed ten years." Ms. Curtis argues this language gives the sentencing judge discretion to fix a maximum NARA sentence less than ten years. On that premise, she urges that the waiver of her right to reappear in court and allocute was ineffective, because she did not understand she was waiving the opportunity to urge the sentencing judge to fix a shorter maximum term. The record discloses that she was advised by counsel to waive the right to reappear "simply to have a presiding judge send you back down" to the NARA center. Tr. 8.

We disagree with her interpretation of the discretion NARA gives the sentencing judge, and consequently with her claim that her lawyer's characterization of the proceedings misled her. The statute allows no discretion to sentence to a shorter term. *United States v. Watkins*, 330 F.Supp. 792 (D.D.C.1971), *aff'd*, 154 U.S.App.D.C. 309, 475 F.2d 419 (1973).[1]

■ At argument, it emerged that the record of the September 14 hearing does not disclose whether Ms. Curtis was ever informed (except in the ambiguous language of the statute) that a ten year indeterminate sentence is mandatory under NARA. Assuming *arguendo* that she was not so advised, this would not preclude an effective waiver of reappearance for final sentencing, although it might affect her guilty plea.[2] *Cf. Mordecai v. United States*, 137 U.S.App. D.C. 198, 421 F.2d 1133, 1139 (1969) (Bazelon, C. J.), *cert. denied*, 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970).

■ Appellant does raise a second issue, however, which is more troublesome: whether a felony defendant may waive presence at imposition of sentence. The language of Fed.R.Crim.P. 43, both before and after the recent amendments, 416 U.S. 1001, 1025–26 (1974), *as modified*, 89 Stat. 370, 377 (1975), *requires* a felony defendant's presence at "imposition of sentence." Ordinarily a felony defendant may not waive presence at sentencing.[3] The requirement that the defendant be present when sentence is passed has deep common law origins. It not only serves the defendant's interest by facilitating allocution, but the state has an independent interest in requiring a public sentencing in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment.[4]

---

**1.** *See also, United States v. Moore*, 158 U.S. App.D.C. 375, 486 F.2d 1139, 1208–9 n. 1 (1973) (Wright, J., dissenting); *Baughman v. United States*, 450 F.2d 1217 (8th Cir. 1971), *cert. denied*, 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972); *cf. United States v. Bishop*, 487 F.2d 631, 632 (1st Cir. 1973). Moreover, the legislative history, explored in detail in the *Baughman* case, is persuasive that Congress intended to vest discretion as to the duration of confinement under NARA in the officials responsible for treatment, not the court. *See* H.R.Rep. No. 1486, 89th Cong., 2d Sess., at 11–12 (1966), U.S.Code Cong. & Admin.News 1966, p. 4245.

**2.** Unfortunately, the reporter's notes of the May 28 hearing have been lost so we cannot verify that she was advised as to the possible sentence at the time of her plea. *But see* F.R. Crim.P. 11. In any case, Ms. Curtis does not challenge her guilty plea.

**3.** *Cook v. United States*, 171 F.2d 567 (1st Cir. 1948), *cert. denied*, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949); *United States v. Hudson*, 313 F.Supp. 422 (D.C.Del.1970); *See Leach v. United States*, 118 U.S.App.D.C. 197, 334 F.2d 945, 947 & n. 3 (1964) (Bazelon, C. J.); *State ex rel. Shetsky v. Utecht*, 228 Minn. 44, 36 N.W.2d 126 (1949); 8A J. Moore, *Federal Practice* (2d ed., 1973), § 43.2[2] at 43–7; Annot., 6 A.L.R.2d 997 (1949). *But see United States v. Brown*, 456 F.2d 1112 (5th Cir. 1972) (dictum); *United States v. Boykin*, 222 F.Supp. 398 (D.C.Md.1963) (78 yr. old with heart condition).

**4.** *See* Note, *Procedural Due Process at Judicial Sentencing for Felony*, 81 Harv.L.Rev. 821, 831 (1968); *Gardsden v. United States*, 96 U.S. App.D.C. 162, 166, 223 F.2d 627 (1955) (Bazelon, J.); *see also Lewis v. United States*, 146 U.S. 370, 374, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), *cited* 1938 Advisory Committee Note 1, Fed.R.Crim.P. 43, 18 U.S.C.A.

■ We decline to extend this rule, somewhat mechanically, to the second stage of NARA sentencing in all cases. Where "imposition of sentence" in the functional sense contemplated by Fed.R. Crim.P. 43 occurs at the first NARA hearing, as it did here, it would be a disservice to require the defendant to be transported back from the NARA center, held in the Jail, and marched into court simply to hear a judge do what he declared he would do.[5]

It was part of her plea bargain agreement with the prosecutor, which the court accepted, that if she were approved by NARA, she would receive a NARA sentence. Since the court had no discretion to sentence to NARA for a term less than 10 years, her reappearance was purposeless. Appellant does not contest the NARA study findings in any way. *Compare United States v. Carroll,* 141 U.S.App.D.C. 118, 436 F.2d 272 (1970). She merely asserts the opinion in *United States v. Johnson,*[6] prohibits speculation "as to what defendant or his counsel might have said" at sentencing. But *Johnson* was not a case in which a defendant waived the right to be present, but one in which lack of notice precluded an opportunity to exercise that right. Under 28 U.S.C. § 2255, we need not act in the absence of a colorable claim of prejudice. *Cf. Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

We therefore hold that the initial hearing constitutes the "imposition of sentence" referred to in Fed.R.Crim.P. 43, and a waiver of presence at the second stage is effective: where (1) the defendant is present and has an opportunity to be heard at the initial NARA hearing; (2) the defendant requests

NARA treatment and the court agrees to impose that sentence subject to a favorable NARA study; and (3) at least where the defendant now challenges neither that plea bargain nor the findings of the NARA study.

The judgment is affirmed.

---

5. This is not a case like *United States v. Behrens,* 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), in which the Court held the final fixing of a definite term, rather than the initial "tentative" sentence, was the "sentence that counts" under 18 U.S.C. § 4208(b). *Id.* at 166, 84 S.Ct. 295. As a factual matter, the "sentence that counts" under NARA may often be when the trial judge commits for the initial

study, particularly where the trial judge promises to sentence to NARA if the study is favorable. *Cf.* Balkin, Legal Problems in Sentencing, 54 F.R.D. 289, 297 (1971).

6. 315 F.2d 714, 717 (2d Cir. 1963), *cert. denied,* 375 U.S. 971, 84 S.Ct. 477, 11 L.Ed.2d 418 (1964).