Melvina **WILMORE** and Brenda Mae Thomas, Appellants,

v.

**UNITED STATES** of America, Appellee.

Nos. 77–1115, 77–1116.

United States Court of Appeals, Third Circuit.

Argued Oct. 3, 1977.

Decided Nov. 10, 1977.

**270**

Wilfred J. Ritz, Director, Alderson Legal Assistance Program, Washington and Lee School of Law, Lexington, Va., for appellants.

James W. Garvin, Jr., U. S. Atty. by John H. McDonald, Asst. U. S. Atty., Wilmington, Del., for appellee.

Before GIBBONS and WEIS, Circuit Judges, and MEANOR,* District Judge.

---

OPINION OF THE COURT

MEANOR, District Judge.

 This is an appeal from the refusal of the district court to honor appellants' motions to vacate their sentences for violation of 18 U.S.C. § 371, which were imposed pursuant to the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. § 4251 et seq. The issue concerns the propriety of imposing a NARA sentence in the absence of the defendant following receipt of a NARA study report which recommends that the offender be accorded NARA treatment. In an unreported opinion, relying upon his previous decision in Taylor v. United States, 389 F.Supp. 766 (D.Del.1975), the district judge declined to vacate the NARA sentences and to re-sentence. Because we believe Taylor was incorrectly decided, we reverse.

Both appellants were indicted for conspiracy to commit armed bank robbery, 18 U.S.C. § 371, and for the substantive offense, 18 U.S.C. § 2113(d). Thereafter, pursuant to a plea agreement, they each pleaded guilty to a charge of conspiracy to commit bank larceny, 18 U.S.C. §§ 371 and 2113(b), and the government agreed to recommend that they each be sentenced under NARA.[1]

Following entry of their pleas of guilty, each appellant was placed in custody for the examination provided by 18 U.S.C. § 4252 which had as its object to determine whether appellants were addicts and were likely to be rehabilitated through treatment. This study was conducted at the Federal Correctional Institution, Alderson, West Virginia. Either on or before May 17, 1976 the district court received the NARA reports concerning appellants. As to each, the report stated that the appellants were addicts; that they were likely to be rehabilitated through treatment and that adequate facilities were available to treat them. On that day, the district court sen-

---

* H. Curtis Meanor, United states District Judge for the District of New Jersey, sitting by designation.

1. In order to qualify appellants for a NARA sentence, it was necessary to have them plead to a superseding information charging conspiracy to commit bank larceny. Persons guilty of bank robbery or conspiracy to commit it are not eligible offenders under NARA and may not be sentenced pursuant to its terms. 18 U.S.C. § 4251. See Marshall v. United States, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974).

tenced each to an indeterminate term of five years' imprisonment under 18 U.S.C. § 4253(a).[2]

■ The uniform course of decisions concerning the length of confinement on a NARA sentence is to the effect that if the crime which leads to the sentence carries a penalty of 10 years or more, the indeterminate term to be imposed must be of 10 years' duration. However, if the offense carries a lesser penalty, the NARA term must be an indeterminate term equal to the maximum penalty that could be imposed on a regular term sentence for that offense.[3] Accordingly, the district court, once a determination had been made to impose a NARA sentence, had no alternative but to impose the five year maximum indeterminate term.

The crux of this appeal lies in the fact that the district court did not sentence appellants in their presence. Instead, the court entered final judgments of conviction and commitment and notified appellants thereof by mail. Imposing sentence in this fashion, it is argued, violated appellants' right pursuant to F.R.Cr.P. 43(a) to be present at the imposition of sentence and further deprived them of the right of allocution contrary to F.R.Cr.P. 32(a)(1) and *United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963).

The rationale of the district court's opinion in *Taylor* and its unreported opinion below is that once the court receives a NARA report, pursuant to 18 U.S.C. § 4252, that the offender "is an addict and is likely to be rehabilitated through treatment," the court has no discretion but must proceed with a NARA sentence pursuant to 18 U.S.C. § 4253. On this construction of § 4253, coupled with the fact that a NARA sentence always must be for an indeterminate maximum, the court below appears to have been of the opinion that a formal sentencing proceeding would be supererogatory, for the result of such a proceeding would be inevitable.

■ We cannot accept the district court's construction of § 4253 and hold that, no matter the contents of the NARA report, a trial court is not bound thereby, and that the disposition of the offender remains subject to the discretion of the district court. The two Courts of Appeals that have considered this issue have so held. In *United States v. Arellanes*, 503 F.2d 808 (9th Cir. 1974), the court received a NARA report finding defendant to be an addict and that he was likely to be rehabilitated through treatment. Nonetheless, the district court imposed a regular term sentence. The Ninth Circuit held flatly that the sentencing court was not bound by the NARA report, but that the determination whether the defendant met the prerequisites for a NARA sentence "is clearly left to the discretion of the trial court" (503 F.2d at 809) pursuant to 18 U.S.C. § 4253. To like effect is *United States v. Williams*, 157 U.S.App. D.C. 355, 484 F.2d 835 (1973) which presents the factual converse of *Arellanes*. There, the trial judge believed that the defendant, an addict, would benefit from treatment. There was, however, a contrary NARA re-

---

**2.** 18 U.S.C. § 4253 provides:

 (a) Following the examination provided for in section 4252, if the court determines that an eligible offender is an addict and is likely to be rehabilitated through treatment, it shall commit him to the custody of the Attorney General for treatment under this chapter, except that no offender shall be committed under this chapter if the Attorney General certifies that adequate facilities or personnel for treatment are unavailable. Such commitment shall be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed.

 (b) If, following the examination provided for in section 4252, the court determines that an eligible offender is not an addict, or is an addict not likely to be rehabilitated through treatment, it shall impose such other sentence as may be authorized or required by law.

**3.** The leading case is *Baughman v. United States*, 450 F.2d 1217 (8th Cir. 1971), *cert. den.*, 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972). Other cases so holding are: *United States v. Curtis*, 173 U.S.App.D.C. 185, 523 F.2d 1134 (1975); *United States v. Watkins*, 330 F.Supp. 792 (D.D.C.1971), *aff'd without opinion*, 154 U.S.App.D.C. 308, 475 F.2d 419 (1973). *See also United States v. Bishop*, 487 F.2d 631 (1st Cir. 1973). (Note that the initial decision in *Bishop*, 469 F.2d 1337 (1st Cir. 1972), has been overruled by *Marshall v. United States, supra*, n.1.)

port, and the court, believing that it could not sentence to NARA treatment in the face of such a report, imposed regular term sentences. The Court of Appeals vacated the sentences imposed and remanded for re-sentence. The court stressed that the determination whether the NARA sentencing prerequisites have been met (i. e., addiction and the likelihood of rehabilitation through treatment) is a judicial one. Only when the court finds that these requirements exist does a NARA sentence become a required one. *Williams, supra.*

It is thus apparent that the conclusions of a NARA report rendered pursuant to 18 U.S.C. § 4252 are not binding upon the sentencing court. The report is, of course, an aid in making the determinations required by 18 U.S.C. § 4253, but is not conclusive. And until the court makes the determinations required by § 4253, no sentence can take place. A court may not make the required findings preliminary to a NARA sentence until the NARA report is received. Then and only then can sentence be imposed.

By imposing sentence in the absence of appellants, the court below departed from the commands of F.R.Cr.P. 32(a)(1) and 43(a). In mandating that the appellants be present for the imposition of sentence, we do not thereby require the district court to indulge in an idle gesture. The Government's agreement to recommend a NARA sentence was not binding upon the district court. F.R.Cr.P. 11(e)(1)(B). Defendants were free to argue that a regular not a NARA sentence should be imposed and were also free to contest the existence of the factual prerequisites to a NARA sentence. More important, although this case involved a plea bargain in which the Government agreed to recommend a NARA sentence, *Taylor, supra,* did not. Manifestly, a defendant who has not bargained for a NARA sentence has an abiding interest in

an opportunity to contest the imposition of such a sentence. In many cases, since the NARA indeterminate sentence must be 10 years or the maximum carried by the offense if that maximum is less, NARA sentences, from the point of view of required release date, will far exceed the regular term sentence that otherwise might be imposed. A defendant might well have an interest in seeking a shorter regular term sentence rather than the longer indeterminate term required by NARA. Also, since a NARA sentence depends upon preliminary findings, a defendant has the right to be heard with reference to those findings, for events of significance to him depend upon them.

From what we have written, it is plain that *Taylor, supra,* can no longer be considered viable. The judgment below is reversed and the matter is remanded to the district court with directions to vacate appellants' sentences and to bring them before the court for re-sentence.[4]

4. We reject the argument that this case and *Taylor* are controlled by *United States v. Curtis, supra,* n.3. In *Curtis,* the defendant waived the necessity of appearance at sentence in the event that after receipt of the NARA report the court determined to impose a NARA sentence. Although waiver was mentioned during the initial proceedings below, it is clear that the appellants never waived their right to be present at the time of sentence. We imply neither acceptance nor rejection of the *Curtis* thesis that, at least in NARA cases, the defendant may waive the right to be present at sentence. That question is not before us.