**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas L. SANCHEZ,
Defendant-Appellant.**

**No. 77–1365.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 15, 1978.

Decided April 17, 1978.

Rehearing Denied May 8, 1978.

Donald M. Hoerl, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with him on brief), for plaintiff-appellee.

Daniel J. Sears, Federal Public Defender, Denver, Colo., for defendant-appellant.

Before BARRETT, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Appellant Thomas L. Sanchez entered a guilty plea to the crime of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The district judge committed Sanchez to the Federal Correctional Institution at Fort Worth, Texas, for observation and study under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. § 4251 *et seq.* Upon receiving a report that Sanchez was considered an addict eligible for the rehabilitation program, the judge sentenced him to the custody of the Attorney General or his authorized representative for treatment for an indeterminate period not to exceed ten years, pursuant to 18 U.S.C. § 4253(a).

Thereafter, and within 120 days, Sanchez, apparently realizing that under such a sentence he could be in custody for a considerable period, filed a motion under Fed.R. Crim.P. 35 for reduction of sentence, asking to be placed upon probation with a requirement that he reside in a community treatment center.

The question on appeal is whether the judge correctly ruled that once he had sentenced under 18 U.S.C. § 4253(a) he had lost his jurisdiction to act to reduce the sentence under Rule 35. Defendant Sanchez when committed to the Federal Correctional Institution for study expressly waived his right to appear in court for final sentencing if the judge should find him to be an addict. We do not construe that waiver as intending to eliminate his right to file a post-sentence motion under Fed.R.Crim.P. 35, and we make no determination as to whether such a right can be waived. *Cf. United States v. Curtis,* 173 U.S.App.D.C. 185, 523 F.2d 1134 (1975); *Wilmore v. United States,* 565 F.2d 269 (3d Cir. 1977).

18 U.S.C. § 4252 states that if the Court believes that an eligible offender is an addict, it "may" have him examined to determine whether he is an addict likely to be rehabilitated through treatment. The examining authorities make a report to the Court in such cases. 18 U.S.C. § 4253(a) states:

> Following the examination provided for in section 4252, if the court determines that an eligible offender is an addict and is likely to be rehabilitated through treatment, it *shall* commit him to the custody of the Attorney General for treatment under this chapter, except that

no offender shall be committed under this chapter if the Attorney General certifies that adequate facilities or personnel for treatment are unavailable. Such commitment *shall* be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed. [Emphasis supplied.]

The cases which have considered the question have held that the trial judge who has made a referral may reject the examiner's report and either sentence or refuse to sentence under NARA. *See United States v. Williams,* 157 U.S.App.D.C. 355, 484 F.2d 835 (1973); *United States v. Arellanes,* 503 F.2d 808 (9th Cir. 1974); *Wilmore v. United States,* 565 F.2d 269 (3d Cir. 1977).

Sanchez' argument in essence is that if the trial judge has discretion to use this referral process or not, as he chooses, and if the judge has the right to reject or accept the report in the first place, he should have authority under Fed.R.Crim.P. 35 to change his mind as to punishment within 120 days permitted by the rule. In other words, NARA is one of the sentencing alternatives, as is a prison term or probation, and the intent of Rule 35 is to allow the Court to make a second-guess of itself, to consider further information which may have come to light, or just to be more lenient. *See United States v. Ellenbogen,* 390 F.2d 537 (2d Cir. 1968), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 360 (1968), *reh. denied,* 399 U.S. 917, 90 S.Ct. 2187, 26 L.Ed.2d 576 (1970).

The argument on the other side is that § 4253(a) says that once it is decided the offender is an addict and is likely to be rehabilitated through treatment, it "shall" commit him for treatment, which "shall" be for a term of ten years, but not to exceed the maximum sentence that could otherwise be imposed. Thus while the judgment as to the facts of addiction and likelihood of rehabilitation through treatment is placed in the hands of the judge, once the decision is made the medical authorities are delegated the authority to decide when to release, under circumstances where there is normal-

ly a long enough maximum term to give them time for effective supervision.

Certainly use of the word "shall" is generally regarded as a command, indicating the mandatory nature of the action to be taken. *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). In a case arising under similar circumstances to the instant case, *Baughman v. United States,* 450 F.2d 1217 (8th Cir. 1971), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972) held that the Court does not have power to reduce the indeterminate sentence imposed. It convincingly analyzes the legislative history of the Act to conclude that Congress intended the rehabilitation and release decisions to be in the hands of the medical authorities. To the same effect is *United States v. Watkins,* 330 F.Supp. 792 (D.D.C.1971), *aff'd mem.,* 154 U.S.App.D.C. 308, 475 F.2d 419 (1973).

The request to the Court in the instant case was to give Sanchez immediate probation upon condition he reside in a community treatment center. We are reluctant to make any ruling which reduces the authority of the trial judge under Rule 35, especially since it is discretionary whether he uses this referral process at all, and the time within which he retains authority to reduce the sentence is limited. We note, however, that the period for sentence reduction is extended to 120 days "after receipt by the court of the mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." Fed.R.Crim.P. 35.

Considering the appeals filed in nearly every criminal case today, in reality the trial judge's Rule 35 period will often extend long beyond four months from date of the sentence and actual commitment. If we rule that the trial judge has the discretion either to modify the § 4253(a) sentence or to abandon it for another type of sentence conceived to be less severe, we are permitting him to interfere with the rehabilitation program after the offender has

been found to be eligible and been turned over to those authorities. This, we hold, was not the intent of the Congress in enacting the Narcotic Addict Rehabilitation Act.

Accordingly, we AFFIRM.