UNITED STATES of America, Appellee,

v.

Willie Frank BIGGS, Appellant.

No. 77-2526.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 6, 1979.

Decided March 22, 1979.

Stephen P. Swisher, Charleston, W. Va. [Court-appointed], on brief, for appellant.

Robert B. King, U. S. Atty., Wayne A. Rich, Jr., Asst. U. S. Atty., Charleston, W. Va., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and PHILLIPS, Circuit Judges.

PER CURIAM:

Appellant, Willie Frank Biggs, appeals his sentence after pleading guilty to the crime of distribution of heroin in violation of 21 U.S.C. § 841(a)(1), an offense carrying a maximum sentence of 15 years imprisonment, a fine of $25,000, or both, 21 U.S.C. § 841(b)(1)(A). Pursuant to 18 U.S.C. § 4252, the district court ordered Biggs committed to the custody of the Attorney General to determine whether he is an "addict" within the meaning of 18 U.S.C. § 4251(a). After reviewing the report of the examination, the court found that Biggs is an addict likely to be rehabilitated through treatment and, consequently, sentenced him to imprisonment for an indeterminate period of time not to exceed ten years, pursuant to 18 U.S.C. § 4253. Realizing that the court's order had "inadvertently failed to incorporate the recommendation of the Court that the defendant's commitment . . . be for the minimum period of time required prior to his conditional

release pursuant to" 18 U.S.C. § 4254, the court amended its sentencing order to include such an express recommendation. Biggs contends the amended order reflects an attempt to impose a sentence of six months, the minimum period of commitment under 18 U.S.C. § 4254, but that in the form couched it is unclear and attacks it for that lack of clarity. Implicit in this contention is the assumption that the district judge could impose such a sentence. With this we disagree holding that under 18 U.S.C. § 4253 the district court lacks discretion to impose an indeterminate sentence of less than ten years pursuant to 18 U.S.C. § 4253 on the facts of this case. Accordingly, the "recommendation" is quite properly included as merely a recommendation and does not make the indeterminate sentence imposed unclear.

■ The Narcotic Addict Rehabilitation Act provides, *inter alia*, for special sentencing of convicted defendants once the district court has determined that an "eligible offender," 18 U.S.C. § 4251(f), is an "addict," 18 U.S.C. § 4251(a). The legislation is "designed to assist drug addicts caught up in the web of crime and to return them to normal and productive lives." *United States v. Stalnaker,* 544 F.2d 725, 727 (4th Cir. 1976). In considering whether a defendant should be sentenced under 18 U.S.C. § 4253, the district court has discretion and is not bound by the examination report. 18 U.S.C. § 4253(b); *Wilmore v. United States,* 565 F.2d 269, 271 (3d Cir. 1977); *United States v. Arellanes,* 503 F.2d 808, 809 (9th Cir. 1974) (per curiam); *United States v. Williams,* 157 U.S.App.D.C. 355, 357, 484 F.2d 835, 837 (1973) (per curiam). The question whether the district court has discretion regarding the *length* of sentence under 18 U.S.C. § 4253,[1] however, has not previously been answered by this Court.

The first court of appeals to address this issue was the Eighth Circuit. In *Baughman v. United States,* 450 F.2d 1217 (8th Cir. 1971), the court held that

commitment under 18 U.S.C. § 4253 is for an indefinite period of time, with the patient to be discharged from custody by the incarcerating authorities at the earlier of either a determination that the treatment has been successful, or the expiration of ten years or a period of time equal to the maximum sentence allowable under the law violated.

*Id.* at 1223 (footnote omitted). In *Baughman,* the district court had indicated that the sentence would have been three and one-half years had the defendant been sentenced under the provisions of the statute violated. However, since the maximum sentence was ten years and the sentencing was pursuant to § 4253, the district judge felt compelled to impose a ten-year indeterminate sentence.

In affirming the district judge's interpretation of 18 U.S.C. § 4253, the Eighth Circuit noted that the legislative history of NARA provided no basis for concluding that "indeterminate," as used in the Act, was intended to diverge from its ordinary requirement of maximum sentences. *Id.* at 1220. In fact, the legislative history reveals a concern that commitment under this section be potentially lengthy, with release discretionary on the part of medical authorities. Finally, the court noted that the statute was modeled after a parallel statute in California, the unambiguous language of which permits no sentencing discretion in the trial judge. *Id.* at 1221–22.

In *United States v. Watkins,* 330 F.Supp. 792 (D.D.C.1971), *aff'd mem.,* 154 U.S.App. D.C. 308, 475 F.2d 419 (1973), the United States District Court for the District of Columbia, after an examination of the legislative history and other authorities, concluded that 18 U.S.C. § 4253 requires a ten-year indeterminate sentence for offenses otherwise carrying a maximum term of ten years or more. In *United States v. Curtis,* 173 U.S.App.D.C. 185, 523 F.2d 1134 (1975) (per curiam), the District of Columbia Circuit explicitly held that the statute

---

1. 18 U.S.C. § 4253(a) provides, *inter alia,* that commitment to the custody of the Attorney General for rehabilitation "shall be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed."

permits no discretion to impose a shorter sentence. The Third and the Tenth Circuits have agreed with this interpretation of the statute. *United States v. Sanchez,* 574 F.2d 505, 507 (10th Cir. 1978); *Wilmore v. United States,* 565 F.2d 269, 271 (3d Cir. 1977) (dictum).

█ We agree with the other circuits that have considered this issue and likewise interpret 18 U.S.C. § 4253 to permit no discretion to impose an indeterminate sentence of less than ten years for an offense punishable by ten years or more. In the instant case, the trial judge recognized his lack of discretion. Biggs was sentenced to an indeterminate sentence of ten years with the *recommendation* that he be conditionally released after six months. Title 18 U.S.C. § 4254 provides that an offender may be released after a minimum of six months of treatment. As the record amply indicates, the trial judge's amendment of his sentencing order to include such an express recommendation was intended only to alert prison authorities to the constructive and cooperative attitude of the defendant. The district judge properly recognized that 18 U.S.C. § 4253 permits no discretion to reduce the sentence below the stated statutory term.

*AFFIRMED.*