UNITED STATES of America, Appellee,

v.

**Gabriel C. ROMERO, Appellant.**

UNITED STATES of America, Appellee,

v.

**Remigio Casteneda MORALES, Appellant.**

**Nos. 80–1011, 80–1012.**

United States Court of Appeals, Tenth Circuit.

Argued Feb. 17, 1981.

Decided March 4, 1981.

---

Raymond Twohig, Asst. Federal Public Defender, Albuquerque, N. M. (William Deaton, Federal Public Defender and Tova Indritz, Asst. Federal Public Defender, Albuquerque, N. M., with him, on brief), for appellants.

Stanley K. Kotovsky, Asst. U.S. Atty., Albuquerque, N. M. (R. E. Thompson, U.S. Atty., Albuquerque, N. M., with him, on brief), for appellee.

Before SETH, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

These are Cases Nos. 80–1011 and 80–1012, *United States v. Gabriel C. Romero* and *United States v. Remigo Casteneda Morales.* The question to be determined in this case involving consolidated appeals has to do with the validity of the district court's action in increasing the appellants' sentences, in the course of resentencing the appellants pursuant to the Narcotics Addicts' Rehabilitation Act (NARA), 18 U.S.C. § 4253(a).

The background facts are as follows: Morales entered a plea of guilty to violations of 21 U.S.C. § 841(a)(1). He was sentenced July 5, 1978 by the United States District Court for the District of New Mexico to an

adult term of imprisonment for seven years. This sentence provided for a special parole period of five years to follow. Morales moved pursuant to the Federal Rules of Criminal Procedure 35 for modification of his sentence. Specifically, he requested an examination pursuant to § 4252 of NARA, to determine whether he could benefit from narcotics rehabilitation treatment. On August 18, 1978, the district court vacated the previous sentence and ordered a thirty day study of Morales pursuant to the mentioned statute, that is, § 4252. A determination was made that Morales was a narcotics addict likely to be rehabilitated through treatment. This occurred on October 4, 1978, at which time the court sentenced Morales under 18 U.S.C. § 4252 for treatment for an indeterminate period of time not to exceed seven years. Thereafter, on December 3, 1979, the government filed a motion seeking to increase Morales' sentence to an indefinite term not to exceed ten years.

On December 12, 1979, the district court ruled that 18 U.S.C. § 4253(a) required the imposition of an indefinite sentence not to exceed ten years. Accordingly, the court's opinion stated that Morales would be resentenced to an indefinite term not to exceed ten years. The court entered an order on December 14, 1979 which provided that Morales was to be brought into court for the resentencing.

Appellant Romero also entered a plea of guilty to a charge that he had violated 21 U.S.C. § 841(a), and on November 8, 1978, the United States District Court for the District of New Mexico ordered that Romero be examined pursuant to 18 U.S.C. § 4252. This was to determine whether he was a narcotic addict who would be likely to be rehabilitated through treatment. On February 1, 1979, after receiving the examination report, the court sentenced Romero for treatment under 18 U.S.C. § 4253 for an indeterminate period not to exceed six years.

On July 23, 1979, the government filed a motion which sought to increase the sentence imposed to an indeterminate term not to exceed ten years. In accordance with this motion, on December 9, 1979, the district court vacated the February 1, 1979 sentence, and resentenced Romero to an indeterminate period not to exceed ten years, pursuant to 18 U.S.C. § 4253.

Appellants both maintain that the courts erred in resentencing them to an indefinite term not to exceed ten years because (1) a sentence may not be increased once a defendant has begun to serve it; (2) the NARA does not require that a sentence of not less than ten years be imposed; (3) a NARA sentence cannot be altered once imposed; and (4) the doctrine of laches bars such resentencing in this case.

The government maintains, and the district court agreed, that the NARA requirement of imposition of sentence for an indefinite term not to exceed ten years is the law, and alleges that since the appellants' original sentences were illegal, the district courts were obligated to correct those sentences so as to conform to the requirements of the NARA. Also contended by the government is that this court has no jurisdiction over Morales' appeal. The reason for the government's position is that there has not been a formal resentencing in the case of Morales, and therefore, there is not a final judgment. So this is a question which we must determine, even if we rule against Morales on the merits, which we do.

In our judgment this court has jurisdiction to consider the merits of the judgment in the Morales case, and we will have occasion to discuss this in some detail hereinafter.

## I.

Is the sentence which was finally declared as against both of the defendants here an invalid one?

After the preliminaries leading up to the determination under 18 U.S.C. § 4253, the defendants were committed to the custody of the Attorney General for treatment under this provision. Section 4253 provides that "Such commitment shall be for an indeterminate period of time not to exceed

ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed."

The trial court held that § 4253(a) required the mandatory imposition of a ten year indeterminate sentence, and that the court had no discretion to impose a sentence consisting of a shorter term. The question presented is whether this interpretation of § 4253 is correct.

At the threshold, we call attention to the fact that Rule 35 of the Federal Rules of Criminal Procedure, part (a) provides:

Rule 35.

(a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence.

Since we are speaking of an illegally imposed sentence, there is no problem about time here.

The defendants' contention is that the maximum time provided for in the statute need not be pronounced. The district court considered and accepted the doctrine of *Baughman v. United States,* 450 F.2d 1217 (8th Cir. 1971), cert. denied 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123 (1972). In *Baughman* it was determined that the courts have ordinarily understood the term "indeterminate sentence" as meaning the maximum term for which the defendant might be imprisoned. The court found that the legislative history of the act in question evidenced no Congressional intent to deviate from this well-settled interpretation, and that history indicated that Congress had intended discretion regarding the necessary time for rehabilitation to be solely with medical authorities, not with the courts. See, for example, H.R.Rep.No.1486, 89th Congress, 2nd Sess., at 11 and 12, 1966; U.S.Code Congressional & Administrative News 1966, Page 4245. The D. C. Circuit and the First Circuit have also held that § 4253(a) requires mandatory imposition of a ten year indeterminate sentence. *U. S. v. Curtis,* 523 F.2d 1134 (D.C.Cir.1975); *U. S. v. Watkins,* 330 F.Supp. 792 (D.D.C.1971), affirmed 475 F.2d 419 (D.C.Cir.1973); *U. S.*

*v. Bishop,* 487 F.2d 631 (1st Cir. 1973). See also, *Wilmore v. United States,* 565 F.2d 269, 271 (3d Cir. 1977), where, while not specifically addressing this question, the Third Circuit acknowledged that when sentencing under the NARA the court must impose a penalty of an indefinite term not to exceed ten years or the maximum penalty that could otherwise be imposed. Presumably, the reason for this is to allow a sufficient period of time in order to accomplish the statutory end, which is to cure the addict.

■ This court has never addressed the issue of whether the trial court has discretion to impose a sentence of less than the indefinite term of ten years prescribed in § 4253(a). However, in *United States v. Sanchez,* 574 F.2d 505, 507 (10th Cir. 1978), cert. denied 439 U.S. 842, 99 S.Ct. 134, 58 L.Ed.2d 140, we voiced approval of the Baughman court's analysis of the legislative history of the NARA. We stated that the Eighth Circuit "convincingly [analyzed] the legislative history of the Act to conclude that Congress intended the rehabilitation and release decisions to be in the hands of the medical authorities." Accordingly, then, we agree with the circuits which have specifically addressed the issue, and join their ruling that the trial court does not have discretion under the statute to impose a sentence for less than the indeterminate term of ten years, or the maximum term which may otherwise have been imposed. Inasmuch as both appellants could have been sentenced in excess of ten years under 21 U.S.C. § 841(a), they must be sentenced under § 4253(a) for an indefinite term not to exceed ten years. We so conclude.

II.

Did the court err in resentencing the appellants?

■ Once concluded that the court has no discretion under § 4253(a) to sentence the appellants in a situation such as is presented to less than the indeterminate term of ten years, it follows that the initial sentences which were imposed were invalid,

and there is an obligation to correct the invalid sentences, even though the appellants were serving their original sentences at the time, and even though the terms imposed were in excess of those which were originally pronounced. If a sentence is invalid under Rule 35(a) there is power to correct it, and it must be corrected. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Garcia v. United States*, 492 F.2d 395 (10th Cir. 1974), cert. denied 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142. See also, *United States v. Bishop*, 487 F.2d 631 (1st Cir. 1973). In the latter case the court originally sentenced the defendant to five years imprisonment under 21 U.S.C. § 841(a)(1), and resentenced the defendant under the NARA to an indefinite term not to exceed ten years.

Finally, the appellants argue that once a sentence under the NARA is imposed, the trial court lacks authority to modify it. They cite *United States v. Sanchez, supra*, where this court considered the issue of whether the trial court could modify a *valid* sentence imposed pursuant to § 4253(a). The defendant there had been sentenced to an indefinite term not to exceed ten years under § 4253(a). He requested that he be placed on probation instead, with a requirement that he reside in a community treatment center. This court refused the request on the grounds that the trial court had lost jurisdiction to modify the sentence which, in that instance, was valid. In this case, however, the original sentences were invalid. The original sentences were, therefore, null and void and the trial court had not lost jurisdiction to impose valid sentences under the statute. So the appellants' argument lacks merit.

A final argument is that even if the courts had jurisdiction to consider the government's motion to increase the sentences, the courts should have refused to do so, since the doctrine of laches bars the government's claims. Specifically, appellants object to the fact that approximately six months had elapsed between the imposition of Romero's original sentence under the NARA and the time the government filed the motions to increase Romero's sentence, and fourteen months had elapsed between the imposition of Morales original sentence under the NARA and the time the government first raised the issue that the sentence was improper. We reject the argument that the doctrine of laches ought to be applied to the present facts. To follow the argument of the defendants would be to affirm the imposition of illegal sentences and to violate our duty to correct illegal sentences whenever that illegality is discovered by the court. *Llerna v. United States*, 508 F.2d 78 (5th Cir. 1975).

■ A trial court may correct an invalid sentence which is in itself a nullity at any time. See Rule 35(a); *Burns v. United States*, 552 F.2d 828 (8th Cir. 1977); *United States v. Lupino*, 505 F.2d 693 (8th Cir. 1974), cert. denied 420 U.S. 976 (1975). The fact that the government may fail to exert due diligence in presenting this issue to the trial court may not prevent the trial court from fulfilling its judicial obligations. The doctrine of laches is an equitable remedy which is applied to promote justice. Needless to say, justice is not fostered by preventing the court from correcting an illegal sentence. We hold, therefore, that the doctrine of laches is inapplicable.

### III.

Is there any merit to the proposition which is advanced by the government that inasmuch as Morales' sentence had not been formally pronounced, this court lacks jurisdiction to review Morales contention?

■ It is maintained by the government that the actual resentencing is a jurisdictional must. The trial court did actually pronounce the sentence on December 12, 1979, when it stated that "accordingly, the defendant will be resentenced as required by 18 U.S.C. § 4253(a) [to an indefinite term not to exceed ten years]." Thereafter, on December 14, 1979, the court issued an order directing that Morales appear before the court on January 3, 1980, for resentencing. On December 19, 1979, the defendant appealed from the opinion pronounced De-

cember 12th and the order of December 14th. In view of the premature appeal, Morales was not required to appear before the court on January 3, 1980, and has not been resentenced in accordance with the opinion and order.

Technically, there is something to be said for this argument, since final judgment has not been formally entered, but in the view we take of what the substance of the matter is, this position would show a preference for form over substance. All that remains is the formal pronouncing of sentence. The judgment, for all practical purposes, has been entered. However, we do not have a final judgment as required by 28 U.S.C. § 1291.

■ Ordinarily, a decision in a criminal case is not final for purposes of appeal until sentence has been imposed. See *Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1911); *James v. United States,* 348 F.2d 430 (10th Cir. 1965). Therefore, a question exists as to appealability and consideration on appeal of Morales' claim. The right of appeal is a statutory right. See *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). And, therefore, Section 1291 has to be complied with. Strictly speaking we perhaps should have withheld review until the formality was completed. But the right of appeal and review has not been impaired in the slightest degree; we have given the very fullest consideration to the merits of this matter. The fact that the final pronouncement had not been made did not detract from the review. These circumstances clearly indicate that the trial court in the case at bar intended the decision regarding the terms of Morales' sentence to be final. Nothing is left open; nothing remains except pronouncement.

What the district court has done is tantamount to entering a final judgment, but final judgment has not been entered and because of this we must partially remand the case. This is in order to comply with the letter of Section 1291. The mandate herein is ordered to be withheld and suspended until such time as the district court has pronounced and entered that sentence.

Accordingly, the cause is remanded to the district court to carry out this formality. Upon completion of this act by the district court the mandate from this court shall issue. This is essential only in respect to Morales. The defendant Romero has been sentenced and no jurisdictional problem exists as to him. The district court has decided the substantive matter, has pronounced the sentence to be formally imposed, and has retained jurisdiction to perform this ministerial act.

The judgments are affirmed. The cause of Morales is remanded for further proceedings consistent with the foregoing opinion.