**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Louis W. STALLINGS,**
**Defendant-Appellant.**

**No. 85–2475.**

United States Court of Appeals,
Tenth Circuit.

Feb. 3, 1987.

---

Ronald H. Mook, Tulsa, Okl., for defendant-appellant.

Keith Ward, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., on the brief), N.D. Okl., Tulsa, Okl., for plaintiff-appellee.

Before McKAY, SEYMOUR and ANDERSON, Circuit Judges.

McKAY, Circuit Judge.

Defendant was indicted on twelve counts of violations of various federal drug laws and one count of possession of an illegal firearm. The jury returned a verdict of guilty on all counts and also returned a special verdict requiring forfeiture of certain property owned by defendant. The trial judge suspended sentencing as to the conspiracy charges in counts one and two, both of which are lesser-included offenses of count three, a continuing criminal enter-

prise count, pending final determination of count three on appeal. He also sentenced defendant under count three, as well as under the remaining ten of the thirteen-count indictment.

■ Before we reach defendant's substantive arguments, we must dispose of a possible threshold jurisdictional infirmity. Under 28 U.S.C. § 1291 (1982), this court only has jurisdiction over appeals from "final decisions," and it is well established that a criminal case is not final until sentencing is completed. *See Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204 (1937); *James v. United States*, 348 F.2d 430, 432 (10th Cir. 1965). If a district court sentences a defendant on fewer than all the counts upon which defendant has been convicted, there is no final judgment. *United States v. Wilson*, 440 F.2d 1103, 1104–05 (5th Cir. 1971). Because the district court in this case did not sentence defendant on two of the thirteen counts upon which he was convicted, the final judgment rule would normally preclude appellate jurisdiction at this stage. However, we find the present appeal fits in a narrow class of cases in which, for all practical purposes, judgment is final even absent formal sentencing on all counts.

In *United States v. Romero*, 642 F.2d 392 (10th Cir.1981), the district court originally sentenced the defendant to drug rehabilitation treatment for a period not to exceed seven years. The court then determined that it was not statutorily permitted to impose a sentence for less than an indeterminate term not to exceed ten years. Consequently, the court issued an order requiring the defendant to appear for resentencing. Before formal resentencing could occur, however, the defendant appealed the increase in his sentence. This court, finding jurisdiction, stated:

> The fact that the final pronouncement had not been made did not detract from the review. These circumstances clearly indicate that the trial court in the case at bar intended the decision regarding the terms of [the defendant's] sentence to be

final. Nothing is left open; nothing remains except pronouncement.

> What the district court has done is tantamount to entering a final judgment. . . .

*Romero*, 642 F.2d at 397. Since the district court's decision to resentence for an indefinite term not to exceed ten years was final and only the ministerial task of pronouncing that sentence remained, this court had jurisdiction. However, in order to comply with the letter of section 1291, as this court must, our mandate addressing the substantive issues in *Romero* was withheld and suspended until the district court pronounced and entered sentence. Upon completion of that formality, the mandate from this court was automatically issued.

■ In this case, the district court can take no further action on counts one and two. As noted, they are drug conspiracy counts, and all parties agree that such counts are lesser-included offenses of count three, a continuing criminal enterprise count. Thus, the trial court's decision to sentence on count three mandates that the convictions on counts one and two be automatically vacated. *United States v. Dickey*, 736 F.2d 571, 597 (10th Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985). *But see United States v. Olivas*, 558 F.2d 1366, 1368 (10th Cir.) (conviction allowed to stand even though sentence was vacated), *cert. denied*, 434 U.S. 866, 98 S.Ct. 203, 54 L.Ed.2d 142 (1977).

Some circuits have held that *convictions* on drug conspiracy counts need not be vacated when the defendant is also convicted of a continuing criminal enterprise, although cumulative *sentences* may not be imposed under *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). *United States v. Grayson*, 795 F.2d 278, 287 (3d Cir.1986); *United States v. Aiello*, 771 F.2d 621, 632–34 (2d Cir. 1985); *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985). However, a majority of the circuits has required vacation of convictions and sentences of the lesser-included conspiracy offense. *United*

*States v. Schuster*, 769 F.2d 337, 344–45 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *United States v. Bascaro,* 742 F.2d 1335, 1357–58 (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 1021, 105 S.Ct. 3476, 3477, 3488, 87 L.Ed.2d 613, 622 (1985); *United States v. Oberski,* 734 F.2d 1030, 1032 (5th Cir. 1984); *United States v. Jefferson,* 714 F.2d 689, 703–06 (7th Cir.1983) (the note in *United States v. Jefferson,* 782 F.2d 697, 701 n. 3 (7th Cir.1986), that says that the earlier case was incorrectly decided only applies to the decision that predicate drug offenses are lesser-included offenses of continuing criminal enterprise); *United States v. Smith,* 703 F.2d 627, 628 (D.C.Cir.1983) (per curiam); *United States v. Samuelson,* 697 F.2d 255, 259–60 (8th Cir.1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1314, 79 L.Ed.2d 711 (1984); *United States v. Lurz,* 666 F.2d 69, 76, 81 (4th Cir.1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); *United States v. Webster,* 639 F.2d 174, 182 (4th Cir.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981).

The minority position may result in two appeals from the same trial. Initially, the defendant can only appeal the conviction and sentence on the greater offense, since the judgment on the lesser-included offense is not final until sentencing. If this court reverses the conviction on the greater offense because of lack of evidence to support the verdict, it would remand the case to the trial court for sentencing on the lesser-included offense. Only after sentencing on the lesser-included offense could defendant appeal the conviction and sentence on that count.

To avoid multiple appeals from the same trial, the better rule is to require the trial court to vacate both the convictions and the sentences for lesser-included offenses. Further, any decision to the contrary would deprive us of jurisdiction over this appeal. Defendant has not been sentenced on counts one and two; thus, technically there is no "final decision." However, since the convictions on counts one and two must be vacated, the district court has no further

decision-making task. Once those convictions are formally vacated, the case against defendant is final for purposes of section 1291. Consequently, this court has jurisdiction to review the six substantive issues that defendant raises, although our mandate may not issue until the trial court performs its ministerial task of formally vacating the convictions under counts one and two.

■ As his first substantive issue, defendant challenges the trial court's refusal to suppress evidence obtained in the search of his aircraft. The evidence at the suppression hearing amply supports the trial court's determination that defendant voluntarily consented to the search. Defendant contends that he gave consent only after the law enforcement officials stated that they would obtain a search warrant if he did not consent. However, at the suppression hearing, law enforcement officials testified both that they stated only that an *attempt* would be made to obtain a warrant and that they repeatedly told defendant that he was not required to consent to the search. The trial court was able to observe the demeanor of these witnesses and was justified in finding this evidence credible and in holding that the consent was voluntary.

■ Second, defendant claims the trial court erred in denying his motion for directed verdict on the charge of conducting a continuing criminal enterprise. Defendant's argument is that the evidence is insufficient to show that he "occupies a position of organizer, a supervisor position, or any other position of management" with respect to five or more persons, as required by 21 U.S.C. § 848(b)(2)(A) (1982). Testimony in the record supports the jury's determination that defendant was an organizer, supervisor or manager of at least five people; therefore, the trial court did not err in submitting the count to the jury. Defendant admits that there was evidence tending to show he organized, supervised or managed Charles Brinson, Faye Davis and an unknown "Latin" pilot. Brief of

Appellant at 18. In addition, reasonable inferences drawn from the evidence support the conclusion that defendant also organized, supervised or managed James Miles and two other men identified as "Tony" and "Pepe," if not even additional persons.

■ Third, defendant argues that the trial court erred in admitting testimony and exhibits pertaining to telephone calls between telephone numbers issued to defendant and telephone numbers issued to his co-defendants, alleging that this evidence is unfairly prejudicial. The trial court has broad discretion in determining whether evidence is unfairly prejudicial under Fed.R. Evid. 403, and we find no abuse of discretion in admitting the challenged evidence. *See Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 497 (10th Cir.1985); *Texas Eastern Transmission Corp. v. Marine Office—Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978).

Fourth, defendant challenges the admissibility of the testimony of a certain witness whose testimony, although admittedly relevant, is claimed to have been unfairly prejudicial. Our review of the record makes clear that the trial court did not abuse its discretion in admitting this evidence.

Fifth, defendant contends the trial court erred in refusing to give defendant's proferred instruction concerning lesser-included offenses. A review of the instruction proferred and the instructions given by the court reveals that the trial court did not err in instructing the jury. The instructions given by the court properly state the law. "Whereas a party is, upon proper request, entitled to an instruction upon his theory of the case if there is evidence to support it, a party is not entitled to have the jury instructed in the particular language of its choice." *Wegerer v. First Commodity Corp.*, 744 F.2d 719, 723 (10th Cir.1984) (citations omitted).

■ Finally, defendant claims that the court erred in sentencing him on both the predicate offenses and the continuing criminal enterprise count. This contention has been foreclosed by *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The Court held that a defendant could be convicted of both a continuing criminal enterprise and the underlying predicate offenses and that cumulative punishments for both did not violate the double jeopardy clause. Thus, the trial court did not err in convicting and sentencing defendant on both the continuing criminal enterprise charge and the underlying drug charges.

This cause is REMANDED, and the district court is directed to vacate defendant's conspiracy convictions under counts one and two. Upon completion of this act, the convictions and sentences on the remaining counts will be AFFIRMED.