**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark A. MORROW, Defendant–Appellant.**

**No. 90–2102.**

United States Court of Appeals, Tenth Circuit.

April 2, 1991.

---

Submitted on the briefs: *

William L. Lutz, U.S. Atty., and Larry Gomez, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Richard A. Winterbottom, Albuquerque, N.M., for defendant-appellant.

Before BRORBY and McWILLIAMS, Circuit Judges, and SPARR,** District Judge.

McWILLIAMS, Circuit Judge.

Pursuant to a plea agreement, Mark A. Morrow pleaded guilty to two counts of a multicount superseding indictment. Specifically, he pleaded guilty to Count I charging him with engaging in a continuing criminal enterprise beginning on or about August 31, 1987, and continuing until January 12, 1988, in violation of 21 U.S.C. § 848. In connection with that particular count, the indictment listed three specific predicate acts, one of which was that on or about January 12, 1988, Morrow manufactured a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Morrow also pleaded guilty to Count IV which charged him with the manufacture of a quantity of methamphetamine on or about January 12, 1988, in violation of 21 U.S.C. § 841(a)(1).

■ The base offense level for one convicted of a continuing criminal enterprise (Count I) is 32. The base offense level for one convicted of manufacturing the amount of methamphetamine which Morrow manufactured on or about January 12, 1988 (Count IV) is 36. In determining the applicable guideline range, the district court used the base offense level of 36 (Count IV). Counsel for Morrow argues that in so doing the district judge erred and that he should have used the base offense level of 32, i.e., the base offense level for a continuing criminal enterprise, and not the base offense level for the manufacture of methamphetamine, which was 36. In thus arguing, counsel suggests that since the manufacture of methamphetamine on or about January 12, 1988 (Count IV) was one of the predicate acts alleged as part of the continuing criminal enterprise (Count I), Count IV is a lesser included offense of Count I. In our view, the district court did not err in using the greater base offense level of 36.

United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines"), § 3D1.2 (Nov.1990) provides for "grouping" where there are convictions on multiple counts "involving substantially the same harm...." In the instant case, the district court "grouped" Morrow's convictions on Counts I and IV pursuant to Sentencing Guidelines § 3D1.2(a) and no objection has been raised to such "grouping."

Sentencing Guidelines § 3D1.3(a) reads as follows:

In the case of counts grouped together pursuant to § 3D1.2(a)-(c), *the offense level applicable to a Group is the offense level,* determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, *for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group* (emphasis added).

It would appear that under the provisions of § 3D1.3(a) the district court did not err in fixing Morrow's base offense level at 36 (Count IV), i.e., "the highest offense level of the counts in the Group."

■ There remains the question of whether Count IV is a lesser included offense of Count I, to the end that Morrow's

---

* The parties to this appeal have indicated that oral argument is not desired. After examining the briefs and the appellate record, this three-judge panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

** Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation.

conviction on Count IV somehow merges into and becomes a part of his conviction on Count I. In *United States v. Stallings*, 810 F.2d 973, 975 (10th Cir.1987) (a pre-Sentencing Guidelines case), we held that a conviction for conspiracy was a lesser included offense where there was also a conviction for a continuing criminal enterprise. However, in *Stallings* we also held that under *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), a defendant could be convicted of both a continuing criminal enterprise and the underlying predicate offenses and that cumulative punishments for both did not violate the double jeopardy clause. *Stallings*, 810 F.2d at 977. Under the rationale of *Stallings*, we conclude that the manufacture of methamphetamine charge (Count IV) is not a lesser included offense of the continuing criminal enterprise charge (Count I), and Morrow could be convicted and sentenced on both.

Judgment affirmed.