991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Lee WILLIAMS, Defendant-Appellant.
 No. 91-7094.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1993.
 
 Before SEYMOUR and MOORE, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Eddie Lee Williams appeals from convictions on a twenty-seven count indictment charging distribution of cocaine, using a telephone to facilitate the distribution of cocaine, conspiracy, use of a person under twenty-one years of age to distribute cocaine, and violations of the money laundering statute.[1] Mr. Williams argues that the trial court committed three errors which require reversal of his conviction: failure to make the requisite findings to allow admission of co-conspirator hearsay statements; failure to enforce a sequestration order under Federal Rule of Evidence 615; and prosecutorial misconduct. Further, Mr. Williams contends that the evidence is insufficient to sustain his conviction on the money laundering offense. We find no error in the proceedings below requiring reversal and therefore affirm.
 
 
 2
 Mr. Williams' first argument involves the admission of co-conspirator hearsay.[2] He does not identify the specific statements to which he is referring. This issue was fully considered in the companion case of United States v. Johnnie Leto Pickens, No. 91-7092 (10th Cir., April 19, 1993). We held there that the district court had admitted coconspirator hearsay statements without making the findings required by Fed.R.Evid. 801(d)(2)(E), but that the admission constituted harmless error. Given the overwhelming direct evidence of Mr. Williams' guilt, we conclude that the error was harmless in this case as well.
 
 
 3
 Mr. Williams' second argument focuses on the district court's decision to permit a specific witness to testify. Throughout the trial, two agents, Agent Fathree and Agent Megli, were present in the courtroom. Both agents were listed on the witness list. Agent Fathree testified as the first government witness and Agent Megli testified as the final government witness. Mr. Williams argues that Agent Megli should not have been allowed to testify because she was present in the courtroom in violation of the Rule 615 sequestration order. He also contends that her presence allowed her to alter her testimony to supplement the testimony of a previous government witness. We review for abuse of discretion. Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir.1992) (admission or exclusion of evidence committed to trial court's discretion).
 
 
 4
 At the beginning of the trial, the trial court invoked Rule 615 at the request of one of defendants' lawyers. Rule 615 requires the exclusion of all witnesses from the courtroom so that they cannot hear the testimony of other witnesses. The Rule does not require exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney...." Fed.R.Evid. 615(2). Therefore, the government was permitted to keep a representative in the courtroom and at counsel table throughout the trial.
 
 
 5
 It is unclear from the record which of the two agents the government considered its representative. Assuming Agent Megli was the representative, she was allowed to remain in the courtroom throughout the proceedings. Agent Fathree was the first witness and was therefore permitted to remain after testifying. Although a different order of witnesses might have caused fewer problems, "it is discretionary with the trial judge as to whether he will require an excused witness ... to testify early in the course of the trial." United States v. Alvarado, 647 F.2d 537, 540 (5th Cir.1981) (footnote omitted). We hold that the trial court did not abuse its discretion in failing to sequester Agent Megli or in allowing her to testify.
 
 
 6
 Mr. Williams next argues that the trial court abused its discretion in failing to grant a mistrial based upon prosecutorial misconduct. According to Mr. Williams, this misconduct arose from an attempt by the prosecutor to solicit testimony concerning previously excluded evidence. Assuming the introduction of the testimony was in error, such error was rendered harmless by the trial court's instruction to disregard the evidence. "An error in admission of evidence may generally be cured by withdrawing the evidence and instructing the jury to disregard it...." United States v. Williams, 923 F.2d 1397, 1401 (10th Cir.1990). In determining if the admission is harmless, "we should consider the matter in the context of all the evidence properly before the jury." Id. Upon review of the record, we believe the admission of the questioned testimony was harmless in light of the instruction, and that the trial court did not err in refusing to grant a mistrial.
 
 
 7
 Finally, Mr. Williams argues that there is insufficient evidence to convict him under 18 U.S.C. § 1956(a)(1). He focuses on subsection (a)(1)(B)(i) and argues there is no proof of intent to conceal the source of the funds.[3] However, Mr. Williams was charged under two separate subsections of the statute: (a)(1)(B)(i) and (a)(1)(A)(i). Subsection (A)(i) does not require any showing of an intent to conceal. In Griffin v. United States, 112 S.Ct. 466 (1991), the Supreme Court held that the factual insufficiency of one ground of a multi-count charge "does not provide an independent basis for reversing an otherwise valid conviction" from a general verdict. Id. at 474. Mr. Williams does not raise the sufficiency of the evidence under subsection (A)(i) and we therefore do not consider it. We presume the sufficiency of the evidence for subsection (A)(i) and affirm the conviction on the money laundering violations.
 
 
 8
 The judgment of the district court is AFFIRMED in all respects except that Mr. Williams' conviction for conspiracy must be vacated.
 
 
 
 *
 The Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A more detailed version of the relevant facts is set forth in the companion case of United States v. Johnnie Lee Pickens, No. 91-7092 (10th Cir., April 19, 1993)
 
 
 [2]
 We note the Government conceded at oral argument that Mr. Williams' conviction for conspiracy must be vacated because it is a lesser included offense of his continuing criminal enterprise conviction. See United States v. Stallings, 810 F.2d 973, 975 (10th Cir.1987)
 
 
 [3]
 The statute, in relevant part, reads as follows:
 (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
 (A)(i) with the intent to promote the carrying on of specified unlawful activity; or ...
 (B) knowing that the transaction is designed in whole or in part--
 (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; ....