**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDDIE LEE WILLIAMS,

Defendant-Appellant.

No. 97-7041
(D.C. No. CV-96-24-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Eddie Lee Williams appeals from the district court's order denying his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Appellant was convicted of use of a communication facility to facilitate a drug felony, cocaine conspiracy and distribution, money laundering, employing a person under eighteen years of age to distribute cocaine, and engaging in a continuing criminal enterprise (CCE). On direct appeal, we vacated the conspiracy conviction. See United States v. Williams, No. 91-7094, 1993 WL 125403, at **1 n.2, **2 (10th Cir. Apr. 19, 1993). Finding no error in the issues he now presents, we affirm the district court's order denying § 2255 relief.[1]

Appellant's challenges are based on ineffective assistance of trial and appellate counsel. In order to establish ineffective assistance of counsel, a movant must show both that his counsel's performance was deficient, and that the deficient performance prejudiced him. See Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir. 1996). To meet the "prejudice" element, he must show that "but for this ineffective assistance the result would have been different." Id.

---

[1]     Appellant has requested that we issue him a certificate of appealability (COA). Because appellant filed his habeas petition in January 1996, before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA's COA requirements do not apply to this appeal. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), 118 S. Ct 1375 (1998). Appellant does not need a COA to proceed.

1.  Challenges relating to CCE conviction.

Appellant asserts two challenges relating to his CCE conviction pursuant to 21 U.S.C. § 848.  First, he argues his trial counsel was ineffective for failing to object to the lack of a jury unanimity instruction.  Second, he argues that his appellate counsel was ineffective for failing to argue the insufficiency of evidence to support the conviction.

To convict a defendant on a CCE charge, the government must prove:

> (1) a felony violation of a drug law contained in the Controlled Substance Act, 21 U.S.C. §§ 801 *et seq.* (1988); (2) constituting part of a continuing series of such violations; (3) undertaken in concert with five or more other persons; (4) with respect to whom [the defendant] occupies a position of organizer, supervisor, or any other position of management; and (5) from which [the defendant] obtains substantial income or resources.

United States v. Jenkins, 904 F.2d 549, 553 (10th Cir. 1990).

Appellant argues his trial counsel should have requested an instruction requiring the jury to agree unanimously on the "five or more persons" whom he supervised.  Appellant concedes the CCE statute does not require such an instruction.  See, e.g., United States v. Rockelman, 49 F.3d 418, 421 (8th Cir. 1995) (citing cases from various circuits holding that jury unanimity instruction not required).  He argues, however that this case falls within the exception stated in United States v. Jerome, 942 F.2d 1328, 1330-31 (9th Cir. 1991).

Jerome holds that where the prosecution presents to the jury as possible supervisees persons who, as a matter of law, could not have been organized or supervised by the defendant, a unanimity instruction is required. See United States v. LeMaux, 994 F.2d 684, 688 (9th Cir. 1993) (noting limitations of Jerome holding). We have not adopted the Jerome exception in this circuit. See United States v. O'Brien, 131 F.3d 1428, 1432 (10th Cir. 1997). So long as the district court gave a general unanimity instruction, and there is not a realistic possibility of jury confusion concerning the acts which support a defendant's conviction, we assume that the jury understood it must be unanimous on the specifications underlying its verdict. See id.

Appellant argues that the jury could have been confused by being presented with two potential supervisees who he could not possibly have supervised: Sandra Spencer and Victor Wren. He argues that Sandra Spencer could not have been his supervisee because she was a government informant. Cf., e.g., United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (confidential informant cannot be coconspirator for purposes of conspiracy charge). Assuming appellant's argument removes Ms. Spencer from consideration as a supervisee, it does not thereby demonstrate an undue risk of jury confusion. The prosecution did not argue in favor of Ms. Spencer's being considered as a supervisee. See

Supp. R. Vol. V at 4.1002-03, 4.1064. Appellant has failed to show sufficient risk of jury confusion to warrant the issuance of a separate unanimity instruction.

Appellant also contends that the evidence shows, as a matter of law, that Victor Wren could not have been one of his supervisees. We agree. See id. Vol. IV at 3.720-737. The prosecution did not argue, however, that Mr. Wren was a supervisee. See id. Vol. V at 4.1064. There was little danger that the jury would be confused into making the kind of categorical mistake about him which would warrant a separate unanimity instruction. We conclude that appellant's trial counsel was not constitutionally ineffective for failing to request a unanimity instruction.

Appellant next argues that his appellate counsel was ineffective for failing to argue that the evidence did not support the existence of five or more persons whom he organized or supervised. We review de novo the question of sufficiency of evidence to support a conviction. See United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 118 S. Ct. 1856 (1998). We will overturn a conviction for insufficient evidence only if the evidence, viewed in the light most favorable to the government, including all reasonable inferences to be drawn therefrom, is such that no reasonable juror could have reached the disputed verdict. See id.

Leaving aside Ms. Spencer and Mr. Wren, and also excluding from consideration two other co-defendants whom the jury acquitted, we are still left with five persons who the jury could have found were "organized, supervised or managed" by appellant: Sam Myles, Bennie Roberts, Dwight Booker, Dexter Pickens, and Johnnie Pickens. Having reviewed the trial transcript, we conclude that the prosecution presented sufficient evidence from which the jury could have determined that each of these persons was appellant's supervisee. We therefore affirm appellant's CCE conviction.

2. Challenge relating to money laundering conviction.

Appellant next contends that his counsel on direct appeal was ineffective for failing to mount an effective challenge to his money laundering conviction. Appellant's counsel did challenge this conviction, on the basis that there was no proof of intent to conceal the source of the laundered funds. See Williams, 1993 WL 125403, at **2. We determined that argument was an effective challenge only to a conviction of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), because that subsection requires a showing of intent to conceal. No such showing is required under § 1956(a)(1)(A)(i), however. See id. Since the subsections are disjunctive, we presumed the sufficiency of evidence for a conviction under

subsection (A)(i).  See id.  Appellant now asserts that his counsel should also have challenged his conviction under subsection (A)(i).[2]

Appellant contends the government failed to establish that his cash purchases were made "with the intent to promote the carrying on of specified unlawful activity."  See 18 U.S.C. § 1956(a)(1)(A)(i).  Appellant was charged with laundering funds through his purchase of a 1987 Nissan pickup, a 1989 Hyundai, a red Mercedes, and the security bars on his home.  Contrary to appellant's representations, there is abundant evidence that he sold drugs from the Nissan and the Hyundai, from which the jury could have inferred an intent to use them for unlawful activity.  Although there is no evidence that he sold drugs from the Mercedes, appellant did receive drug proceeds from a runner while driving it on at least one occasion.  See Supp. R. Vol. IV at 3.744.  Thus, there was evidence from which the jury could have concluded that the automobiles were purchased to carry on unlawful activity.

Appellant further contends that since the jury acquitted him of dealing drugs from his home, it would have been inconsistent for them to find that the bars were purchased to defend his drug operation.  Factual inconsistencies in

---

[2]     Appellant attempts to re-argue the sufficiency of evidence to convict under subsection (B)(i) of the statute.  The argument is inappropriate: it is clear that his counsel did urge reversal under subsection (B)(i) in the previous appeal.  We do not, therefore, consider his (B)(i) arguments.

a jury's verdict, without more, generally do not justify the reversal of a defendant's conviction. See United States v. Powell, 469 U.S. 57, 65-66 (1984). The lenity appellant received on the count of distributing from his home should not be taken as proof that there was insufficient evidence to convict him of purchasing the bars to protect a drug operation. We conclude that appellant's counsel was not ineffective for failing to make the arguments he proposes about the money laundering conviction.

3.  Sentencing challenge relating to cocaine base enhancement.

Finally, appellant asserts his appellate counsel was ineffective in failing to object to the drug type and quantity used to compute his offense level. The district court calculated appellant's base offense level at 38, finding that his offense-related activities involved 494.6 grams of cocaine base (crack). The 494.6 gram figure was derived by totaling all cash deposits made by appellant and his wife to their bank accounts, subtracting their legitimate income, then dividing the remainder by an average cost per gram of cocaine base. See U.S.S.G. § 2D1.1, commentary application note 12 (Nov. 1990) (referring to application note 2 of commentary pertaining to U.S.S.G. § 2D1.4 (No. 1990)) (permitting court to approximate quantity of controlled substance based on financial records where the amount seized does not reflect the scale of the offense). The average

cost per gram figure was in turn derived from the price per gram appellant received for specific sales attributed to him in the indictment.

Appellant argues that since there is evidence in the record that he sold powder cocaine as well as cocaine base, his offense level should not have been calculated solely on the basis of cocaine base sales. The district court found that all the substances seized were cocaine base. A chemist testified at appellant's trial that all the cocaine she tested in connection with this case was cocaine base. She explained that even though some of the cocaine base was in powdered form, it was still cocaine base, because it did not contain the hydrochloride salt which is present in "powder" cocaine.[3]

Appellant argues, however, that the district court's finding is inconsistent with two of the counts of the indictment specifically charging him with selling powder cocaine. Count 7 of the Indictment charged appellant with distributing 1.1 grams of powder cocaine. Count 11 of the Indictment charged him with

---

[3] In 1993, the Sentencing Commission amended U.S.S.G. § 2D1.1(c) to clarify that "cocaine base" means "crack." "Crack" is defined as "a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." Id. (emphasis added). The cocaine base tested in this instance was not lumpy or rocklike; it was in a powdered form. Assuming the guideline amendment required the court to consider the powdery substance introduced at trial as something other than "cocaine base," appellant cannot rely on the amendment, because it does not apply retroactively. See United States v. Kissick, 69 F.3d 1048, 1051-53 (10th Cir. 1995).

distributing 490 milligrams of powder cocaine.  In light of the wording of the indictment, he argues, the jury must necessarily have found that the cocaine involved in Counts 7 and 11 was powder cocaine rather than cocaine base.

Assuming appellant is correct, however, the amount in question in these two counts is less than two grams.  Attributing two grams of powder cocaine rather than cocaine base to appellant would not have affected his offense level, see U.S.S.G. §§ 2D1.1(c)(5) (equivalency table) (Nov. 1990), and therefore makes no difference to his sentence, cf. Edwards v. United States, 118 S. Ct. 1475, 1477-78 (1998) (finding no reversible error where district court used cocaine base to calculate sentence, even though defendant's conduct could have involved powder cocaine, where actual sentence was within statutory limits applicable to a cocaine-only conspiracy).

Appellant attempts to bootstrap the jury's implicit finding into a general attack on the court's findings about the type of cocaine he was selling.  In view of the chemist's report that all of the substances introduced at trial, including substances appellant sold as "powder," were cocaine base, however, his challenge fails.  See United States v. Cantley, 130 F.3d 1371, 1379 (10th Cir. 1997) ("[T]hough we recognize the burden is on the government to prove the substances were crack cocaine, [defendant] has presented no evidence whatsoever to show

that the substances were not crack cocaine."), <u>cert. denied</u>, 118 S. Ct. 1098 (1998).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge