**UNITED STATES COURT OF APPEALS**

**January 7, 2010**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff–Appellee, | No. 09-7070 |
| v. | (D.C. No. 6:91-CR-06-FHS-1) |
| EDDIE LEE WILLIAMS, | (E.D. Okla.) |
| Defendant–Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Eddie Lee Williams, a federal prisoner proceeding pro se,[1] appeals from the

district court's denial of his motion to modify his sentence pursuant to 18 U.S.C.

§ 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

[1] Because he proceeds pro se, we construe Williams' pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I

In 1991, a jury convicted Williams of multiple offenses relating to the sale and distribution of crack cocaine, including one count of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 846. The sentencing court attributed 494.6 grams of crack cocaine to Williams. Based on this drug quantity, plus a four-level enhancement for participating in a CCE, the sentencing judge calculated a base offense level of thirty-eight under the United States Sentencing Guidelines ("USSG"). As a result, Williams received a term of 360 months' imprisonment, a sentence near the top of his Guidelines range. On direct appeal, we affirmed Williams' conviction on all but a single conspiracy count. United States v. Williams, 1993 WL 125403, at *2 (10th Cir. Apr. 19, 1993) (unpublished). Williams later filed a post-conviction challenge to his sentence under 28 U.S.C. § 2255, but he was denied relief both by the district court and on appeal. United States v. Williams, 1998 WL 440481 (10th Cir. July 17, 1998) (unpublished).

Ten years later, Williams petitioned the district court for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Guidelines. Amendment 706 adjusts downward the base offense levels assigned to certain quantities of crack cocaine, and it applies retroactively. USSG Manual supp. to app. C, amends. 706, 713 (2009). The district court determined that, although Williams' base offense level for his crack cocaine convictions would be reduced by Amendment 706, Williams

was not entitled to § 3582(c)(2) relief because he was convicted of participating in a CCE. Williams timely appealed.

## II

This court reviews a district court's decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

The district court did not abuse its discretion in determining that Williams was ineligible for § 3582(c)(2) relief. Section 3582(c) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that (1) upon motion of the Director of the Bureau of Prisons . . . [and] extraordinary and compelling reasons warrant such a reduction . . . and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c) (emphasis added). A court may grant relief only when a defendant is eligible for a reduction in sentence under a Guidelines amendment promulgated after his

sentencing.  United States v. Price, 438 F.3d 1005, 1006-07 (10th Cir. 2006).[2]  An amendment does not qualify a prisoner for § 3582(c)(2) relief if "the reduction [provided for in the amendment] 'does not have the effect of lowering the defendant's applicable guideline range.'"  Sharkey, 543 F.3d at 1239 (quoting USSG § 1B1.10(a)(2)(B)).  Further, a court may consider the appropriateness of a sentence under 18 U.S.C. § 3553(a) only after determining a prisoner is eligible for a sentence modification under § 3582(c)(2).  See Sharkey, 543 F.3d at 1239.

Consequently, Williams' eligibility for a sentence modification depends entirely on whether retroactive application of Amendment 706 would lower his sentencing range.  Section 2D1.5(a) of the Guidelines provides that the base offense level for CCE is the greater of thirty-eight or the underlying offense level plus four.  Williams' underlying offense level was thirty-four when he was sentenced.  Amendment 706 would lower his underlying offense level to thirty-two.  But Williams' base offense level for his CCE conviction remains thirty-eight because § 2D1.5(a) directs us to choose the greater of thirty-six (his new base offense level plus four) and thirty-eight.  Thus Amendment 706 does not lower Williams' Guidelines range, and he is not entitled to § 3582(c)(2) relief.

Williams has already served eighteen years in prison.  He appears to be a model prisoner and to feel remorse for his crimes.  Community and family members support his

---

[2] Contrary to Williams' assertion, United States v. Booker, 543 U.S. 220 (2005), does not give courts the power to modify a sentence when the express strictures of § 3582(c) have not been met.  See Price, 438 F.3d at 1006-07.

release.  The law, however, is to the contrary.  Absent a motion to reduce Williams'

sentence by the Director of the Bureau of Prisons, <u>see</u> § 3582(c)(1), neither we nor the

district court may consider whether these facts warrant a reduction in Williams' sentence.

**III**

**AFFIRMED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge