Eddie Lee **WILLIAMS**, Petitioner–
Appellant,

v.

**H.A. LEDEZMA**, Respondent–Appellee.

No. 10–6098.

United States Court of Appeals,
Tenth Circuit.

July 21, 2010.

Eddie Lee Williams, El Reno, OK, pro
se.

Before HARTZ, ANDERSON, and
TYMKOVICH, Circuit Judges.

**ORDER AND JUDGMENT** *

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist in the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Petitioner and appellant Eddie Lee
Williams, a federal prisoner proceeding
*pro se,* appeals the denial of his 28 U.S.C.
§ 2241 petition which generally challenged
his continuing criminal enterprise ("CCE")
conviction, in light of the Supreme Court's
decision in *Richardson v. United States,*
526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d
985 (1999). He sought to invoke the dis-
trict court's habeas jurisdiction under
§ 2241, arguing that 28 U.S.C. § 2255 pro-
vided an inadequate or ineffective remedy.
We agree with the district court's dismiss-
al and therefore affirm its decision.

**BACKGROUND**

Mr. Williams was convicted on multiple
drug-related charges in 1991. On direct
appeal, this court vacated his conviction for
conspiracy but affirmed the district court's
judgment in all other respects. *United
States v. Williams,* No. 91–7094, 1993 WL
125403 (10th Cir.1993) (unpublished). Mr.
Williams then filed a § 2255 petition,
which the district court denied. This court
affirmed that denial. *United States v.*

---

* This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

*Williams,* No. 97–7041, 1998 WL 440481 (10th Cir.1998) (unpublished).

The Supreme Court issued its decision in *Richardson* in 1999, in which it clarified certain aspects of the law regarding CCEs. *Richardson* held that a jury in a CCE case must unanimously agree not only that the defendant committed some "continuing series of violations," but also must agree which specific "violations" make up that "continuing series." *Richardson,* 526 U.S. at 815, 119 S.Ct. 1707 (quoting 21 U.S.C. § 848). *See United States v. Dago,* 441 F.3d 1238, 1244 (10th Cir.2006). Accordingly, Mr. Williams invoked *Richardson* when, in January of 2010, he sought habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that he is actually innocent of the CCE conviction because the jury was not instructed to make unanimous findings as to the acts comprising the "series of violations" needed to support his CCE conviction. He also challenged the sufficiency of the evidence regarding the element of the offense requiring that he hold a managerial position over five or more persons acting in concert. The district court referred the matter to a magistrate judge, who issued a lengthy and thorough report recommending dismissal of the petition. The district court adopted the magistrate judge's report and dismissed Mr. Williams' petition. The district court also denied Mr. Williams leave to proceed on appeal *in forma pauperis,* ruling that the appeal is not taken in good faith. This appeal followed. The government declined to file a brief.

## DISCUSSION

As the district court noted, it is well-established that habeas petitions filed pursuant to § 2241 and those filed pursuant to § 2255 serve different and distinct purposes. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). A § 2255 motion, by contrast, "attacks the legality of detention ... and must be filed in the district that imposed the sentence." *Id.* Since Mr. Williams is attacking the legality of his conviction and sentence, § 2255 is generally the exclusive remedy available to a federal prisoner such as he, unless a § 2255 remedy is inadequate or ineffective. *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir.1999); 28 U.S.C. § 2255. In other words, a § 2241 habeas petition "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)(per curiam).

Relying on a number of our cases, as well as cases from other circuits, the district court carefully explained why Mr. Williams is not entitled to relief under § 2241 in this case. We affirm that decision, for substantially the reasons set forth in the report and recommendation, subsequently adopted by the district court. We also deny Mr. Williams' request to proceed on appeal *in forma pauperis. See Boling–Bey v. U.S. Parole Com'n,* 559 F.3d 1149, 1154 (10th Cir.2009); *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision dismissing Mr. Williams' § 2241 petition.