FILED
United States Court of Appeals
Tenth Circuit

April 2, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE TORRES-LARANEGA,

Defendant-Appellant.

No. 11-2202
(D.C. Nos. 1:08-CV-00889-MV-WDS
and 2:03-CR-02112-MV-1)
(D. of N.M.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Jorge Torres-Laranega, a federal prisoner proceeding pro se, appeals the district court's dismissal of his application for habeas relief under 28 U.S.C. § 2255. He also seeks leave to proceed on appeal in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291, and we construe Torres-Laranega's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court that Torres-Laranega was not entitled to relief under § 2255. Accordingly, we DENY his request for a certificate of appealability (COA), DENY the application to proceed in forma pauperis, and DISMISS his appeal.

## I. Facts

Torres-Laranega was part of a wide-ranging operation that transported multi-ton quantities of marijuana from the southwest to the Chicago area using tractor trailers. After a jury trial, he was convicted and sentenced to 240 months' imprisonment. The conviction and sentence were affirmed on direct appeal. *See United States v. Torres-Laranega*, 476 F.3d 1148 (10th Cir. 2007), *cert. denied*, 522 U.S. 872 (2007).

Relevant to this petition, Torres-Laranega was convicted on three counts: (1) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a); (2) conspiracy to possess with intent to distribute a controlled substance within 1,000 feet of a school and 1,000 feet of a truck stop in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, 849(a), and 860; and (3) possession with intent to distribute 1,000 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On the day of sentencing, the United States moved to dismiss count 2 of the indictment, on the basis that count 2, conspiracy to possess with intent to distribute, was a lesser included offense of count 1,

continuing criminal enterprise.  Subsequently, the district court sentenced Torres-Laranega on count 1 and count 3 only.

Torres-Laranega's initial § 2255 motion raised five issues pertaining to ineffective assistance of counsel.  The district court dismissed the petition with respect to these claims, and Torres-Laranega does not appeal that dismissal.  R., Vol. 1 at 440.  Instead, he focuses on whether the district court properly dismissed his motion to amend for the purpose of adding a double jeopardy claim to his petition.  Specifically, Torres-Laranega argues that count 3 is a lesser included offense of count 1, and that his conviction on count 3 is a violation of double jeopardy.

The district court found that this argument is both time and procedurally barred.  R., Vol. 1 at 437.  It is time-barred because it was filed after the one-year statute of limitations expired and does not relate back to the original habeas petition.  *Id.*  The argument is procedurally barred because it was not raised in the direct appeal.  *Id.*  Additionally, Torres-Laranega did not demonstrate "cause," "prejudice," or a "fundamental miscarriage of justice" to overcome the procedural bar.  *Id.*; *see also United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).  The district court continued: "were the Court to consider the merits of Petitioner's argument, it would find that the Tenth Circuit has already considered and rejected the precise double jeopardy argument . . . [he] raises.  *See United States v. Stallings*, 810 F.2d 973, 977 (10th Cir. 1987) (double jeopardy clause not violated

-3-

when defendant sustains continuing criminal enterprise and predicate drug offense convictions)." R., Vol. 1 at 437.

Torres-Laranega now appeals.

## II. Discussion

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). For Torres-Laranega to be granted a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Torres-Laranega sought to amend his § 2255 filing, claiming that count 3, possession with intent to distribute, should have been dismissed because it was a lesser included offense of count 1, continuing criminal enterprise. He argues that the reason this was not raised in his original § 2255 motion is because he did not have a copy of his criminal file at the time of the initial filing. R., Vol. 1 at 316–17.

He raises before us the same grounds he asserted in the district court.

## A. Time-Barred

All claims are required to be raised within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The United States Supreme Court denied certiorari on Torres-Laranega's direct appeal on October 1, 2007, meaning that his habeas petition was required to be filed by October 1, 2008. Torres-Laranega's initial habeas petition was filed on September 28, 2008—within the time limit imposed by § 2255. R., Vol. 1 at 1. But the double jeopardy argument was not raised until a motion to amend was filed by Torres-Laranega on September 27, 2010—clearly outside of the one-year window. R., Vol. 1 at 316.

Since this court has not granted a motion for a second or successive habeas petition, *see* 28 U.S.C. § 2255(h), in order to overcome the untimely filing, Torres-Laranega's amendment must "relate back" to his original filing. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (finding barred claims that are not merely "clarifying," but rather raise "claims totally separate and distinct, in both time and type from those raised" in the original petition) (internal quotation marks omitted). As the district court found, the double jeopardy theory does not relate back to his initial § 2255 petition requesting relief related to the ineffectiveness of counsel. R., Vol. 1 at 437. Torres-Laranega is attempting to supplement his § 2255 petition with an entirely new theory which had never been raised prior to his motion to amend.

Similarly, even viewing the plain text of Torres-Laranega's motion, he requests permission "to supplement an[] additional issue" and "to dismiss the five issues raised in the original § 2255 motion." R., Vol. 1 at 316. Such a request is facially inconsistent with the theory that the amendment relates back to the original filing—especially since he is requesting that the first filing be considered "moot as a matter of law." *Id.* at 317.

## B. Procedurally Barred

A § 2255 petition is not an opportunity to bring legal arguments that should have been brought by direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (finding that the Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal"). Thus, when a defendant "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Cox*, 83 F.3d at 341.

To establish "cause" requires a defendant to show some external objective factor—such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel—prevented him from raising the issue on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). The fundamental miscarriage of justice exception allows a defendant to obtain review of his

defaulted claims by showing actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992). The district court concluded that Torres-Laranega "has demonstrated neither 'cause' nor 'prejudice,' nor a 'fundamental miscarriage of justice,' . . . to overcome the procedural bar." R., Vol. 1 at 437.

On appeal, Torres-Laranega does not advance an actual innocence argument to support the fundamental miscarriage of justice exception, but instead focuses on the cause prong. He argues that he did not have "his criminal file" until some point after the filing deadline when the district court ordered his trial attorney to forward it to him. Aplt. Br. at 13. He then attempts to attribute this delay to the "government," but does not explain why this particular occurrence is cognizable as an example of "governmental interference." *Id.* Instead, as the magistrate judge noted in his recommended disposition, Torres-Laranega "was represented by counsel in his direct appeal of his conviction and had all of his file, and counsel, at that time." R., Vol. 1 at 360. Torres-Laranega does not dispute this fact. Torres-Laranega's tolling arguments are unavailing for the same reason. *See* Aplt. Br. at 13. Accordingly, there is nothing in the record evidencing governmental interference or any other type of appropriate cause meriting relief.

**C. Merits**

Torres-Laranega largely ignores the timeliness and procedural difficulties that his petition faces, and instead focuses on the merits of his underlying claim. While we are not required to reach the merits, even if we do so, Torres-

-7-

Laranega's arguments are incorrect. The district court similarly addressed the merits of Torres-Laranega's argument, finding that "the Tenth Circuit has already considered and rejected the precise double jeopardy argument" that he raises. R., Vol. 1 at 437; *see Stallings*, 810 F.2d at 977 (finding that double jeopardy clause is not violated when a defendant sustains continuing criminal enterprise and predicate drug offense convictions).

Based on a review of the record, *Stallings* applies directly to the facts of this case. In *Stallings,* the defendant was convicted on multiple counts, including continuing criminal enterprise, two drug conspiracy counts, and multiple predicate offenses. 810 F.2d at 975. This court vacated the drug conspiracy counts as lesser included offenses of the continuing criminal enterprise conviction, but upheld the underlying predicate offenses. *Id.* at 977. Likewise here, the district court dismissed count 2, conspiracy to possess, prior to sentencing, causing no error. Moreover, the Supreme Court has addressed this scenario as well. In *Rutledge v. United States*, 517 U.S. 292 (1996), the Court held that a conspiracy to distribute controlled substances is a lesser included offense of a continuing criminal enterprise, hence punishment for both would constitute double jeopardy. *Id.* at 307. Here, Torres-Laranega's drug conspiracy conviction was removed prior to sentencing, where he was sentenced for the continuing criminal enterprise count and the underlying predicate offense. Both

*Stallings* and *Rutledge* are directly on point and indicate that the district court did not err by sentencing Torres-Laranega on both count 1 and count 3.

## III.  Conclusion

For the foregoing reasons, we DENY Torres-Laranega's request for a COA, DENY his application to proceed in forma pauperis, and DISMISS his appeal.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge